STERNER v. HAAS.

1. Mechanics' Liens—Construction of Statute.

The mechanics' lien law is in derogation of the common law, and all rights under it are statutory, and cannot be extended beyond the provisions of the statute.

2. Same—Lien of Contractor—Notice to Owner.

By the express terms of section 4 of the law (Act No. 179, Pub. Acts 1891), a contractor must furnish a sworn statement to the owner, giving the names of all laborers and material men under his contract, with the amount due each, before he can maintain a suit to enforce a lien.

3. Same—Waiver.

A failure to comply with this requirement of the statute is not excused by the fact that all material and labor has been paid for, and that such statement has never been requested by the owner. If a waiver can ever aid the contractor, as against this express provision,—a point not determined,—it can only be under circumstances amounting to an estoppel.

4. Same—Who is a Contractor.

A plumber and gas-fitter, who furnishes the necessary materials and labor for plumbing, roofing, steam heating, and electric wiring a building, is a contractor, within the meaning of the statute, and not a material man, although an aggregate price for the work and material furnished was not agreed upon.

Appeal from Genesee; Wisner, J. Submitted January 17, 1896. Decided February 26, 1896.

Bill by Edwin Sterner against Catherine Haas and others to enforce a mechanic's lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Durand & Carton*, for complainant.

*Ed. S. Lee* and *Kohler & Bentley*, for defendants.

HOOKER, J.· The complainant was engaged in the business of plumbing and gas-fitting, and did the work of steam heating, plumbing, roofing, electric wiring, etc., upon the residence of the defendants. Subsequently he filed his statement of lien, for a balance of several hundred dollars, and the bill in this cause was filed to enforce it. The trial court determined that he was a contractor, and as such obliged to give to the owner a statement under oath containing the names of all laborers who performed work upon the premises, and material men who furnished materials therefor, with the amounts due them, respectively, if anything, under section 4 of Act No. 179, Pub. Acts 1891.

The lien law is in derogation of the common law, and all rights under it are statutory, and cannot be extended beyond the provisions of the statute. *Wagar* v. *Briscoe,* 38 Mich. 587; *Peninsular General Electric Co.* v. *Norris,* 100 Mich. 502. Section 4 expressly provides that the contractor shall have no right of action until such statement is furnished. In the face of this express provision, we are unable to say that the proceeding can be sustained without compliance with it, when the lienor is a contractor. It is contended that the failure to furnish this statement should not be held fatal in this case, inasmuch as all material and labor is shown to have been paid for, and the defendants have never requested such statement; but if a waiver can ever aid a complainant, against the express condition upon which this section permits a suit to be brought to enforce the lien (which we do not determine), it can only be under circumstances amounting to an estoppel. It then becomes necessary to ascertain whether the complainant was a contractor, or merely a material man, and therefore not required to serve the statement mentioned in section 4. See *Avery* v. *Ionia Co. Supervisors,* 71 Mich. 538; *Staffon* v. *Lyon,* 104 Mich. 249.

Counsel for the complainant contend that their client was a material man, and not a contractor. They say that the testimony shows that he did not make a contract

to do this work, but that the articles furnished were purchased by the defendants as wanted, and at the time of such purchases it was arranged with the complainant to place the same in the building. An examination of the record shows that the statement of the lien filed says that the lienor "furnished certain labor and materials in and for building, etc., a dwelling house, in pursuance of a certain contract." The itemized statement accompanying the claim of lien contains innumerable items of material and labor, interspersed, at various dates, including tin, lead pipe, and the various fittings used therewith, and the labor of cartmen, tinners, plumbers, gas-fitters, steam-fitters, helpers, etc. The inference that there was an understanding that the complainant should do the necessary work, of the various kinds, seems unavoidable, and the fact that the parties did not agree upon an aggregate price does not preclude contract relations within the terms of this statute. It was not a case where the complainant merely sold a marketable commodity, which he kept on sale, or manufactured to order to be used by others; but it involved the furnishing of the necessary materials, and combining them in a structure like a roof, a steam-heating apparatus, a water system,— in short, a dwelling house,—all requiring skilled workmen, which the complainant provided and furnished upon his own responsibility and credit. See *People* v. *Powers, ante,* 339. As this makes the complainant a contractor, within the statute, we have no alternative but to affirm the decree of the circuit judge, with costs.

Ordered accordingly.

The other Justices concurred.