MARTIN v. WARREN.[1]

MECHANIC'S LIEN—CONSTRUCTION OF STATUTE—NOTICE TO OWNER.
    A contractor is not relieved from a compliance with section 4
        of the mechanic's lien law (Act No. 179, Pub. Acts 1891),
        requiring him to furnish to the owner a sworn statement,
        giving the names of all laborers and material men under his
        contract, with the amount due each, before he can maintain
        a suit to enforce his lien, by the fact that the 60 days after
        full completion of the work, limited for the filing of liens
        by subcontractors, laborers, or material men, have expired
        at the time he files his bill.

Appeal from Wayne; Adams, J., presiding. Submitted April 24, 1896. Decided June 30, 1896.

Bill by James J. Martin and others against Charles W. Warren, Kitty M. O'Donnell, and others, to enforce a mechanic's lien. From a decree for complainants, defendant O'Donnell appeals. Reversed.

*Bowen, Douglas & Whiting*, for complainants.

*John H. McDonald* (*T. E. Tarsney* and *W. W. Wicker*, of counsel), for appellant.

HOOKER, J. This case is ruled by *Sterner* v. *Haas*, 108 Mich. 488. It is contended that it should not be held to fall within the spirit, although within the letter, because in the present case more than 60 days had elapsed after the full completion of the work by the contractor at the time the bill was filed, and hence there was no chance for a lien to be perfected and enforced against said premises by subcontractors, laborers, or material men. If this contention is sound, the landowner must determine, at his peril, when said 60 days expires. If he

[1] Rehearing denied July 21, 1896.

be convinced by the contractor that the time has expired, and make payment, others asserting liens filed later may be able to convince a court to the contrary, and his payment be lost. It is no great hardship for a contractor, asserting a lien to furnish to the landowner the statutory statement that shall make him safe, before subjecting him to costs of litigation upon the contractor's lien, though he might be able to show that the time within which the premises were subject to subcontractors' liens had actually expired; and it is no more than just that the landowner should be protected from unnecessary annoyance and risk of loss. Such appears to be the requirement of the act, and the case is therefore reversed, and bill dismissed, with costs of both courts.

GRANT, MONTGOMERY, and MOORE, JJ., concurred. LONG, C. J., did not sit.