| | |
|---|---|
| 114 | 131 |
| 117 | 572 |
| 117 | 573 |
| 114 | 131 |
| 124 | 113 |
| 114 | 131 |
| 146 | 338 |
| 114 | 131 |
| 147 | 264 |
| 114 | 131! |
| 154 | 458 |

WILTSIE v. HARVEY.[1]

1. MECHANICS' LIENS—CONTRACTOR'S STATEMENT—RIGHT TO BRING
SUIT.
Under section 4 of the mechanic's lien law (Act No. 179, Pub.
Acts 1891), requiring that original contractors furnish to the
owner sworn statements, giving the names of all laborers and
material men under their contracts, with the amount due
each, before they shall have any right of action or lien
against the owner, service of such statement is prerequisite
to the bringing of a suit to enforce a contractor's lien.
*Martin* v. *Warren*, 109 Mich. 584, followed.

2. SAME—SUBCONTRACTORS AND MATERIAL MEN—STATEMENT OF
CLAIM—SUBSTITUTED SERVICE.
Under section 6 of the lien law, as amended by Act No. 199,
Pub. Acts 1893, requiring lien claimants, except those dealing
directly with the owner, to serve upon the owner a copy of their
claim, but authorizing substituted service, where the owner
cannot be found, on the agent "having charge of such prem-
ises within the county wherein the property is situated,"
mere proof of service upon an agent and bookkeeper in
charge of the owner's office is insufficient. ;

3. SAME—ADVERSE LIENORS.
An adverse lienor is entitled to assert the invalidity of a lien
because of a failure to serve upon the owner the statutory
statements above referred to, although a bill to enforce such
lien has been taken as confessed by the owner.

Appeal from Wayne; Donovan, J.   Submitted Febru-
ary 11, 1897.   Decided September 14, 1897.

Bill by James H. Wiltsie against Edward E. Harvey,
the City Savings Bank of Detroit, and others, to enforce a
mechanic's lien.   From a decree for complainant, the
defendant bank appeals.   Reversed.

*A. G. Pitts*, for complainant.

*Bowen, Douglas & Whiting*, for appellant.

[1] Rehearing denied January 25, 1898.

LONG, C. J. This bill is filed to foreclose a lien for labor and material furnished for a building owned by one Edward E. Harvey. It appears that Harvey was the owner of the property described in the bill, for which the labor and material were furnished; that about July 25, 1895, one Thomas J. Fortune filed with the register of deeds for Wayne county a claim of lien for labor and material furnished for that building; that about the same day the firm of Yeomans, Chesebrough & Co. filed a claim of lien for materials furnished for the building; and that on the 23d of July the complainant filed a claim of lien on the same building. The bill sets forth that the claims of Mr. Fortune and of Yeomans, Chesebrough & Co. were assigned to the complainant. All the defendants, except Harvey, claim liens upon the property. Orders of *pro confesso* were entered against all the defendants, except the City Savings Bank of Detroit, Alice H. Ducharme, trustee, and Charles B. Warren. Each of such defendants answered. The case was heard upon proofs taken in open court, and a decree was entered in favor of the complainant. The defendant City Savings Bank alone appeals.

The complainant testified to his claim that he had done the work described in accordance with the contract between himself and Mr. Harvey; that he began work May 10, 1895, and finished it May 27, 1895, and that it amounted to $83.42. Mr. Yeomans was called, and testified to the claim of his firm at $73.92; and Mr. Fortune, that his claim amounted to $68.76. On cross-examination the complainant testified that he had not furnished a statement to Mr. Harvey of the laborers and subcontractors under him; that he had men working for him, but furnished no sworn statement to Harvey concerning them, nor did he furnish him with any sworn statement of the material furnished and used by him on the work, though the material was purchased from various dealers. He made no sworn statement, and did not serve any on Harvey or any one else. Mr. Fortune also testified that he did not serve

notice on Harvey, though his claim was for labor and material furnished. Mr. Yeomans testified that the material furnished by his company was delivered to Thomas J. Fortune.

It is contended by the appellant that the bill should have been dismissed because all the claims are invalid; that Wiltsie and Fortune were contractors, dealing directly with the owner; that under the provisions of section 4, Act No. 179, Pub. Acts 1891, it was the duty of Wiltsie and Fortune to make out and give to the owner or his agent a statement under oath of the number and names of every subcontractor or laborer in their employ, and of every person furnishing materials, giving the amount, if anything, which was due or to become due to them or any of them for work done or materials furnished, and that a failure to do this defeats the lien. That section of the statute provides:

"Until the statement provided for in this section is made in manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner, or lessee on account of such contract "

In *Sterner* v. *Haas*, 108 Mich. 488, this section of the statute was under consideration, and it was held that a service of the notice was imperative before suit could be brought, and that it would be enforced in that case unless the circumstances were such that they amounted to an estoppel; but the case was finally ruled upon another point. But in *Martin* v. *Warren*, 109 Mich. 584, it was held that this statement was a necessary prerequisite to the bringing of a suit, and therefore the bill was dismissed, with costs of both courts.

In the claim of Yeomans, Chesebrough & Co., no service of claim of lien was made upon Mr. Harvey, and therefore there was no compliance with section 6 of Act No. 199, Pub. Acts 1893, which provides that, before subsequent proceedings to enforce a lien can be taken, "every person filing a statement of lien, except those persons contracting or dealing directly with the owner, shall,

within 10 days after the filing thereof, serve on the owner, part owner, or lessee of such premises, if he can be found within the county, or, in case of his absence from the county, on his agent having charge of such premises within the county wherein the property is situated, a copy of such statement or claim." This service was made upon one Eaton, agent and bookkeeper for Harvey, at Mr. Harvey's office in the city of Detroit; but the complainant introduced Mr. Pitts, who testified concerning the matter as follows: "Mr. Harvey went away Tuesday, July 23; left the State; and I have good reason to believe and do believe that he was never back in the State of Michigan until February, 1896." There is nothing to show that Mr. Eaton was the agent of Mr. Harvey having charge of the premises within the county where the property was situate. This service was not such as the statute requires.

Counsel for complainant, however, contends that the City Savings Bank, the only appealing defendant, cannot take advantage of the fact that no statements were made and served by complainant or by Fortune upon Harvey, and that no statement of lien was served by Yeomans, Chesebrough & Co. upon Harvey, because the City Savings Bank is only a lienor, and not an owner, part owner, or lessee of the property. In support of this contention counsel cites *Clark* v. *Brown*, 22 Mo. 140. In that case it appears, however, that Mr. Brown, the party making the objection (as expressly stated by the court), had no interest whatever in the matter, and it was held that he could not be heard to complain that no notice was given. Here the defendant bank is directly interested in pressing its own claim to the fullest extent. We think this objection to the proceeding could be made by the bank, under the circumstances.

The decree below must be reversed, and decree entered in this court dismissing complainant's bill, with costs of both courts.

The other Justices concurred.