DITTMER v. BATH.

117    571
124    113
117    571
146  ¹338

117    571
147    264

117    571
f154  ²458

1. MECHANICS' LIENS—CONTRACTOR'S STATEMENT—TERMINATION OF LIEN.

   Section 9 of the mechanic's lien law (Act No. 179, Pub. Acts 1891), as amended by Act No. 199, Pub. Acts 1893, declares that the liens provided for by the act shall terminate at the expiration of six months after the statement of lien is filed with the register of deeds, unless proceedings to enforce the same are commenced within that time. Section 4 of the law makes the service upon the owner by the contractor of a sworn statement, giving names of subcontractors, etc., a prerequisite to his right to sue. *Held*, that, where a contractor brought suit without having served the required statement, it was premature, and the lien terminated at the expiration of the statutory period.

2. SAME—WAIVER BY OWNER—ADVERSE LIENORS.

   Even if the owner, under such circumstances, can subsequently waive the omission to serve the statement (a question not determined), his attempt so to do will not be effectual as against a mortgagee of the premises.

Appeal from Wayne; Carpenter, J. Submitted June 15, 1898. Decided July 12, 1898.

Bill by Herman Dittmer against Charles Bath and Cornelia R. Schenck to enforce a mechanic's lien. From a decree subjecting the lien to a mortgage held by defendant Schenck, complainant appeals. Affirmed.

*Flowers, May & Moloney*, for complainant.

*Fred A. Hunt*, for defendant Schenck.

HOOKER, J. The complainant erected a building upon premises owned by Bath, finishing the same upon December 10, 1893, his contract having been made on October 2, 1893. On December 1, 1893, and while the complainant was at work under his contract, Schenck took a mortgage upon the premises. On January 30, 1894, complainant filed a lien upon the premises for $373. A stipulation was filed at the hearing, dated March 30, 1896, signed by the solicitor of the defendant Bath, admitting the regularity of all proceedings to enforce the lien, and consenting to a decree for the sum of $333, with interest from February 1, 1894, and costs; and a decree was entered accordingly against Bath. We discover no evidence that the complainant had served upon the landowner, Bath, a statement under oath of the number and names of the subcontractors and laborers in his employ, and of those furnishing materials, and the amount due or to become due to them; and the decree indicates that there was no such testimony, as it contains a finding that the service of the same was waived by defendant Bath. The court held that the mortgage of the defendant Schenck was a prior incumbrance to complainant's lien, and the decree required the sale to be made subject to the mortgage, and costs were awarded to Schenck against the complainant, who has appealed.

The briefs discuss but one point, viz., whether the failure to serve the notice required by section 4, Act No. 179, Pub. Acts 1891, was a sufficient ground for the holding of the circuit judge that the mortgage should have priority over the lien. We have held that a failure to comply with section 4, Act No. 179, Pub. Acts 1891, is fatal to proceedings to enforce a lien. *Wiltsie* v. *Harvey*, 114 Mich. 131. This is upon the ground that compliance with such section by serving a sworn statement must be shown, or at the least waived, to warrant the commencement of an action or proceedings to enforce a lien. *Martin* v. *Warren*, 109 Mich. 584; *Barnard* v. *McLeod*, 114 Mich. 73. Under section 9 of the lien law, as amended by Act No. 199,

Pub. Acts 1893, a lien terminates at the expiration of six months after the statement or account is filed with the register of deeds, unless proceedings to enforce the same be commenced within that time. In the case before us, there was no service of the statement within such period, and, as the suit brought before the expiration of the time was prematurely brought because of the nonperformance of the condition precedent, the lien was at an end as to the defendant Schenck, who had a right to avail herself of any irregularity destructive to complainant's lien, as she was directly benefited thereby. This was held in the case of *Wiltsie* v. *Harvey, supra.* The alleged waiver was not made until March 30, 1896; and if this was effective to support the decree against the defendant Bath, which we do not find it necessary to determine, as he has not appealed, it cannot have such effect against defendant Schenck. *Wiltsie* v. *Harvey, supra.*

The decree is affirmed, with costs.

The other Justices concurred.