KERR-MURRAY MANUFACTURING CO. *v.* KALAMAZOO HEAT, LIGHT & POWER CO

1. MECHANICS' LIENS—CONTRACTOR'S STATEMENT—RIGHT OF LIEN.
   Under section 4 of the mechanic's lien law (3 Comp. Laws 1897, § 10713), requiring that original contractors furnish to the owner sworn statements, giving the names of all subcontractors, laborers, and material men under their contracts, with the amount due each, before they shall have any right of action or lien against the owner, where, by the terms of the contract, labor is to be expended on the premises, such statement is indispensable, notwithstanding the owner and the contractor are the only parties interested.

2. SAME—MATERIAL MEN.
   Manufacturers who sell window frames, sash, and doors, made in their own shops, for use in a building in process of erection, are material men, to whom the above requirement does not apply.

3. SAME—MORTGAGE—PRIORITIES.
   Under section 9, subd. 3, of the mechanic's lien law (3 Comp. Laws 1897, § 10718), providing that such liens shall be preferred to all other titles, liens, or incumbrances which may attach to or upon the building or land subsequent to the commencement of such building, a mechanic's lien takes precedence of a mortgage executed after the actual commencement of the building, although the contract for furnishing the materials for which the lien is claimed was not entered into until after the execution and recording of the mortgage. *Kay* v. *Towsley,* 113 Mich. 281, followed.

Appeal from Kalamazoo; Buck, J. Submitted April 10, 1900. Decided May 15, 1900.

Bill by the Kerr-Murray Manufacturing Company against the Kalamazoo Heat, Light & Power Company and others to enforce certain mechanic's liens. From a decree for complainant, defendants appeal. Modified.

*Walter R. Taylor* and *Osborn, Mills & Master*, for complainant.

*E. A. & Robert B. Crane*, for defendants.

MONTGOMERY, C. J.   This is a bill filed to enforce two mechanic's liens.   Complainant in June, 1897, entered into a written contract to furnish to defendant company a steel gas-holding tank, "all delivered and erected on foundations" provided by defendant company, to be paid for, 50 per cent. on delivery of materials, 25 per cent. during erection, balance on completion and satisfactory test.   The claim of lien filed with the register of deeds states that the last of the material was furnished on the 27th of November, 1897, and the last of the labor was performed on the 30th day of November, 1897.   Complainant is also assignee of the Van Bochove & Sons Manufacturing Company, which company filed notice of a lien for window frames, sash, and doors sold to the defendant company, to be used in a building on its premises.   From a decree declaring a lien in favor of complainant under both claims, defendants appeal.

1. It is claimed that the bill in this case was not in season to preserve the lien under the contract with the Kerr-Murray Manufacturing Company, as the contract was made when the statute of 1893 was in force, providing that liens shall continue six months after filing claim of lien with the register of deeds, and no longer, unless proceedings are begun, etc.   As this lien must be disposed of on other grounds, we do not find it necessary to determine whether the amendment of 1897, fixing the period of one year, controls in this case.   This objection has no application to the claim of the Van Bochove & Sons Manufacturing Company, as its claim arose after the law of 1897 took effect.

2. It appears that no notice was served on defendant company stating the names of subcontractors, laborers, or material men, as required by section 4 of the act (3 Comp. Laws 1897, § 10713), which provides:

"The original contractor shall, whenever any payment of money shall become due from the owner, part owner, or lessee, or whenever he desires to draw any money from the owner, part owner, or lessee on such contract, make out and give to the owner, part owner, or lessee, or his agent, a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person furnishing materials, giving the amount, if anything, which is due or to become due to them or any of them for work done or materials furnished; and the owner, part owner, or lessee, or his agent, may retain, out of any money then due or to become due to the contractor, an amount sufficient to pay all demands that are due or to become due to such subcontractors, laborers, and material men, as shown by the contractor's statement, and pay the same to them according to their respective rights, and all payments so made shall, as between such owner, part owner, or lessee and such contractor, be considered the same as if paid to such original contractor. Until the statement provided for in this section is made in manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner, or lessee on account of such contract."

It is stated in complainant's brief that the record is silent as to whether such a notice was or was not served; but counsel evidently overlook the testimony of complainant's witness Hackius, who testified as follows: "We never served any notices on defendant company, nor filed on record any notices, except these that have been offered in evidence." No notice or statement such as required by section 4 was offered in evidence, and we think the testimony, fairly construed, shows that none was served. This being so, it follows that the complainant is not in a position to assert a lien, unless we say that it was not a contractor, but a material man, or that defendants are in some way estopped from asserting this defense. *Sterner* v. *Haas*, 108 Mich. 488 (66 N. W. 348); *Wiltsie* v. *Harvey*, 114 Mich. 131 (72 N. W. 134); *Dittmer* v. *Bath*, 117 Mich. 571 (76 N. W. 89). It is insisted by complainant's counsel that the record shows that there are no other parties than the complainant interested, and hence

that there was no necessity for a notice. It will be noticed that the section quoted requires notice by the contractor of the names of laborers in his employ, and while this notice is not required from a material man, as distinguished from a contractor, and perhaps not of a contractor as to work expended on material before it is devoted to use under the contract, yet when, by the terms of the contract, labor is to be expended on the premises, it is clear that this statement is required. *Sterner* v. *Haas, supra.* In this case it appears by the contract itself that labor was to be expended on the premises. It also appears by the statement of lien that labor was in fact performed after the last of the material was furnished. The complainant was a contractor, within the meaning of the statute, and we feel constrained to hold that, because of the omission to comply with this statute, it is not entitled to a lien for the work done under this contract.

3. A different state of facts exists as to the claim of the Van Bochove & Sons Manufacturing Company. The record shows that they were material men selling material manufactured in their own shops, and not contractors or subcontractors. *Sterner* v. *Haas, supra.* The lien of the Van Bochove & Sons Manufacturing Company is valid.

4. The claim of defendant mortgagees to priority over the lien of the Van Bochove & Sons Manufacturing Company is answered against the contention of defendants' counsel by the case of *Kay* v. *Towsley*, 113 Mich. 281 (71 N. W. 490).

Decree will be modified to conform to the views herein expressed. Appellants will recover costs of this court.

The other Justices concurred.