## WILDEY *v.* GILLETT.

1. MECHANIC'S LIENS—NOTICE—STATEMENT—STATUTES.
    Failure of the contractor to furnish to the owner of a building constructed under contract a statement under oath of the amounts due to laborers, materialmen, etc., as provided by 3 Comp. Laws, § 10713, is fatal to his claim of lien.

2. SAME.
    That all laborers have been paid before the hearing, does not make compliance with the statute unnecessary in case of a

complainant who commenced suit ten days before the expira-
tion of the time for other claimants to file liens and who
filed his lien 40 days before such expiration.

3. Same—Construction.
    The lien statute being in derogation of the common law, must
    be strictly construed up to the time when the lien attaches.

4. Same—Equity—Answer.
    Defendant's statement in his answer, that the bill of complaint
    did not show performance of all conditions prerequisite to
    enforce the lien under chapter 296 of the Compiled Laws,
    etc., sufficiently raised the defense relied upon.

Appeal from Ottawa; Padgham, J. Submitted April
5, 1912. (Docket No. 39.) Decided July 11, 1912.

Bill by Torrant Wildey against Alva Gillett for the
foreclosure of a mechanic's lien. From a decree for com-
plainant, defendant appeals. Reversed.

*Cleland & Heald* (*Wm. J. Gillette*, of counsel), for
appellant.

*Lillie & Osterhous*, for appellee.

Complainant, a carpenter, built a barn for defendant,
and, being unable to secure a settlement after completing
his work under his contract, he filed a mechanic's lien on
September 7, 1910, with the register of deeds of Ottawa
county, and made service of his statement and claim of
lien upon the defendant the following day. On October
7, 1910, he filed his bill of complaint to foreclose the lien,
annexing thereto a statement showing a balance due him
of $240. Defendant filed an answer to this bill, denying
the material averments therein contained, and, in addi-
tion, in paragraph 8 set out the following:

"And this defendant submits unto the court that the
said complainant hath not in or by his said bill of com-
plaint made or stated such a case as doth or ought to en-
title him to any relief in a court of equity, because the
said bill of complaint does not show that the said com-
plainant has done and performed those acts necessary to

be done under the laws of the State of Michigan to entitle the complainant to a lien upon the premises described in said bill of complaint, and particularly that the said complainant has not done and performed those acts necessary to be done as provided in chapter 296 of the Compiled Laws of 1897, and the amendments thereto, entitled 'An act to establish, protect and enforce, by a lien, the rights of mechanics and other persons furnishing labor and material for the building, altering, improving, repairing, erecting or ornamenting of buildings, machinery, wharves and other structures; and repeal all acts contravening the provisions of this act.' And of this defense this defendant hopes that he may have the same benefit as if he had demurred to said complainant's bill for that cause."

Thereinafter, by way of cross-bill, defendant claimed damages from complainant for an alleged breach of the contract, the amount thereof being placed at $428.40. The prayer for relief follows:

"This defendant therefore prays that he may by this answer have the same benefit as if he had filed a cross-bill in this cause, and that the said complainant may come to an account with this defendant as to the amount due this defendant for damages as above set forth, and that said complainant may be decreed to pay the same to him forthwith, together with his reasonable costs and charges in this suit sustained.

"And this defendant further prays that he may have such further relief and such other relief in the premises as shall be agreeable to equity and good conscience."

At the conclusion of the complainant's case, the following occurred:

"*Mr. Cleland:* I move that the bill of complaint be dismissed for the reason that the complainant, who is shown by the bill of complaint and the contract to be the original contractor, didn't make out and serve upon the owner the affidavit required to be made under section 4, being compiler's number section 10713 of the Compiled Laws of 1897. Wildey was a contractor, and not a materialman. His affidavit claiming a lien was sworn to on the 7th day of September, 1910, and charges that the performance of labor was commenced on the 26th day of May, 1910, and that the last of the labor was performed

on the 18th day of August, 1910.  The lien was filed in
the office of the register of deeds, as shown by the bill of
complaint, on the 8th day of September, 1910, and the
copy was served upon Gillett, the defendant, on the same
day.  It therefore appears that the memorandum of lien
was filed about 40 days before the time for filing liens
would expire, and that the bill of complaint, which was
served on the 7th day of October, 1910, was filed 11 days
before the time for filing liens had expired.  Wildey em-
ployed a number of laborers to assist him in the work,
and the statute is made to protect the owner from need-
less litigation.  We therefore move the dismissal of the
bill of complaint, and shall be glad to submit proofs.

" *Mr. Osterhous:* I will offer to show by the register of
deeds of this county that no liens have ever been filed
against the property of Mr. Gillett, defendant in this suit,
by any laborer employed by Torrant Wildey under his
contract in question here, or by any materialman from
whom Wildey did or may have purchased materials that
went into the construction of this barn under this contract.

" *Mr. Cleland:* We admit that no liens have been filed.
(Counsel for both parties argued the motion, and it was
denied by the court.)"

Defendant then offered a defense upon the merits, and
the court below entered a decree in favor of complainant
in the sum of $226 and interest, making the same a lien
upon the premises under the statute.  In his written opin-
ion filed in the case the trial judge says:

" The most serious question in the case is the one relat-
ing to notice to the owner to be given under section 4 of
the lien law [Pub. Acts 1891, p. 230].  It is admitted by
complainant that he hired laborers to help him on the job,
and did not give the notice required by said section 4,
when he drew his pay, or at any other time.  I am satis-
fied that it was never required of him by defendant, and
the matter was overlooked by both parties.  It appeared,
however, at the trial, and was conceded by both parties,
that all laborers had been paid by complainant, and that
no one had or could file liens, as none existed.  I am
therefore of the opinion that this case comes within the
spirit of the opinion rendered by Judge HOOKER in *Bar-
nard* v. *McLeod*, 114 Mich. 73 [72 N. W. 24]."

From the decree entered, defendant appeals.

BROOKE, J. (*after stating the facts*).   We may say
that we quite agree with the learned circuit judge in his
disposition of this case, unless, as contended by defend-
ant, it must be held that the failure of complainant to
serve the requisite notice under 3 Comp. Laws, § 10713,
is fatal to the whole proceeding.   The latter part of that
section reads:

" Until the statement provided for in this section is
made, in manner and form as herein provided, the con-
tractor shall have no right of action or lien against the
owner, part owner or lessee on account of such contract."

It is conceded in this case that the claim of lien was
filed 40 days before the laborers in the employ of the con-
tractor would have been barred from filing claims of lien,
and the bill was filed to enforce the lien 10 days before
the expiration of such time.   We are clearly of opinion
that this case is ruled by the following decisions: *Sterner*
v. *Haas*, 108 Mich. 488 (66 N. W. 348); *Martin* v.
*Warren*, 109 Mich. 584 (67 N. W. 897); *Barnard* v.
*McLeod*, 114 Mich. 73 (72 N. W. 24); *Wiltsie* v. *Har-
vey*, 114 Mich. 131 (72 N. W. 134); *Dittmer* v. *Bath*,
117 Mich. 571 (76 N. W. 89); *Kerr-Murray Manfg. Co.*
v. *Power Co.*, 124 Mich. 111 (82 N. W. 801).

It is said on behalf of complainant that the rule laid
down in these cases has been modified by this court in
*Walker* v. *Syms*, 118 Mich. 183 (76 N. W. 320), and *Bol-
lin* v. *Hooper*, 127 Mich. 287 (86 N. W. 795).   In the first
case cited the action was assumpsit commenced more than
two years after the building was completed and accepted,
and long after any subcontractor, laborer, or material-
man could claim a lien.   Moreover, the court in that case
said:

" The plaintiff in this case is not attempting to assert a
lien under the mechanic's lien law."

In *Bollin* v. *Hooper, supra*, the action was likewise
assumpsit, and the question was not raised in the trial
court.   See, also, *Adams* v. *Brick & Block Co.*, 154

Mich. 448 (117 N. W. 932, 129 Am. St. Rep. 484). The lien statute, being in derogation of the common law, must be strictly construed at least to the point when the lien attaches. *Hall* v. *Erkfitz*, 125 Mich. 332 (84 N. W. 310).

It is the claim of complainant that the defendant did not apprise him until the trial of the cause that he intended to avail himself of the defense now insisted upon. We think that the portion of the answer quoted *supra* was sufficient.

The judgment must be reversed, and the bill of complaint dismissed, with costs of both courts.

MOORE, C. J., and STEERE, McALVAY, STONE, and OSTRANDER, JJ., concurred. BLAIR and BIRD, JJ., did not sit.