Matthias, J.
The question of first importance in case No. 17705, wherein the Van Dorn Iron Works Company prosecutes error from the Court of Appeals, arises from the entry of that court in dismissing plaintiff’s first cause of action without prejudice. The entry discloses that such action by the court was based upon a finding that the plaintiff having failed to properly perfect its lien, as required by Section 8312, General Code, its claim for personal judgment must also be refused and the plaintiff left to its remedy at law, and such conclusion was based upon the ground, as therein stated, that that court has only equitable jurisdiction. The plaintiff by its first cause of action sought a judgment upon its claim, and by its second cause of action set up its claim for a mechanic’s lien.
In the court of common pleas all parties acquiesced in submitting the entire matter to the court without a jury, and the court, although finding against the *318 plaintiff as to its claim for a mechanic’s lien, rendered personal judgment. From that judgment the Erie-Huron Company perfected its appeal to the Court of Appeals, and the theory of the Court of Appeals in the action taken by it is disclosed by the opinion of that court wherein its states:
“To permit such judgment to be entered would be to deprive a defendant of his constitutional right of a trial by jury.”
The first cause of action was not a proceeding in equity; it was an action at law in which a judgment for money was sought, and, in fact, rendered by the court of common pleas. True, the parties were entitled to a trial by jury, but that is a right which may be waived, either expressly or by proceeding to trial and judgment before the court without a jury. (Bonewitz v. Bonewitz, 50 Ohio St., 373, 34 N. E., 332, 40 Am. St. Rep., 671.) And that is just what occurred in this case. In the opinion in the Bonewitz case, at page 378 of 50 Ohio St., at page 334 of 34 N. E. (40 Am. St. Rep., 671), it is said by Judge Spear:
“His [the defendant’s] objection to the mode of trial, we think, comes too late. To sustain his claim would seem to be trifling with justice. He proceeded to trial, without objection, to a eourt having jurisdiction of the parties, and capable of being clothed with jurisdiction of the subject-matter for all purposes, taking his chance of a favorable result, and cannot, now that the chance has turned against him, be heard to question the authority of the tribunal to which he consented to submit his cause.”
The judgment thus rendered can be reviewed only by a proceeding in error, except in the event of *319 waiver of the question of jurisdiction under the rule laid down in the case of Drake v. Tucker, 83 Ohio St., 97, 93 N. E., 534. It is disclosed, however, that the Yan Dorn Company not only did not waive such question, but was at all times objecting to the jurisdiction of the Court of Appeals to review its judgment in the appeal proceeding, and that court was right when it determined that “judgment for the amount claimed cannot be entered here”; but it was clearly wrong when it attempted by its entry to dismiss the plaintiff’s first cause of action, upon which judgment had been rendered in the court of common pleas. The Court of Appeals should have dismissed the appeal in so far as it affected the personal judgment of the plaintiff, and this court will accordingly enter such judgment of dismissal.
The proceeding in error prosecuted by the Van Dorn Iron Works Company presents the further question of the validity of its mechanic’s lien. It was held invalid by both lower courts by reason of the failure of the plaintiff to furnish preliminary statements as required of the original contractor's by the provisions of Section 8312, General Code. Such statements were in fact not furnished. It is claimed they were not required, for the reason that plaintiff was not a contractor, but a materialman, and therefore not governed by the provisions of Section 8312, General Code.
We concur in the view of the lower courts in this respect. The plaintiff was not a materialman within the definition of that term as set out in Section 8323-9, General Code. The claim which plaintiff asserts is based upon the execution of its accepted proposition at a stipulated price for furnishing and *320 erecting two flights of pressed steel stairs, as therein specified, extending from the basement to the fourth floor of the building in question. The undertaking of the plaintiff was that of a contractor under the terms of our mechanic’s lien statutes, its undertaking being to erect a structure, or a portion thereof, wherein, necessarily, labor would be employed, and it, in our opinion, comes within the requirements of Section 8312, General Code. Sterner v. Haas, 108 Mich., 488, 66 N. W., 348, and Kerr-Murray Mfg. Co. v. Kalamazoo Heat, Light & Power Co., 124 Mich., 111, 82 N. W., 801.
The principal question presented by the proceeding in error brought by the Erie-Huron Realty Company, being case No. 17710, relates to the agency of one Orr, and his authority to bind the realty company with reference to the transaction which forms the basis of this suit. No profitable end would be served by a review and analysis of the voluminous evidence touching this question.
It is sufficient to say that there is in the record evidence not only that the Erie-Huron Realty Company, through its president and treasurer, approved the contract of its agent, which in accordance with adopted plans was entered into with Orr for the improvement of this building, but also that the contract with Orr, under which he proceeded with such improvements, was thereafter duly ratified and approved by the company. In pursuance thereof the remodeling of this building, involving the expense of about $30,000, proceeded, and that building was only a short distance from the company’s own *321 offices. There is ample evidence of the authority of Orr in this respect to support the judgment.
It has been so frequently announced that this court will not weigh the evidence upon which the findings of fact of the lower court are based that it scarcely needs repetition. In this case, therefore, the judgment of the Court of Appeals is in all respects affirmed.

Judgment reversed in cause No. 17705.

Judgment affirmed in cause No. 17710.

Marshall, C. J., Wanamaker, Robinson, Jones, Day and Allen, JJ., concur.