### FROHLICH v. CROWS.

MECHANICS' LIENS — MATERIALS FURNISHED IN GOOD FAITH — BURDEN OF PROOF.

In a suit to enforce a mechanic's lien, the finding of the court below that plaintiff had sustained the burden of proof establishing that the materials had been furnished as charged, and that they had gone into the building, *held*, justified by the record.[1]

Appeal from Wayne; Chester (Guy M.), J., presiding. Submitted June 16, 1925. (Docket No. 11.) Decided October 1, 1925.

Bill by Edward Frohlich, doing business as the Frohlich Glass Company, against Hyman Crows, Isaac Applebaum and others to foreclose a mechanic's lien. From a decree for plaintiff, defendant Applebaum appeals. Affirmed.

---
[1] Mechanics' Liens, 37 Cyc. p. 415.

*S. Homer Ferguson,* for plaintiff.

*Abram W. Sempliner (Edmund E. Shepherd,* of counsel), for appellant.

CLARK, J.    For putting up a building plaintiff furnished materials to Crows, a contractor, with Victor and Lipshitz as owners.    The first of the material was furnished on June 19, 1917, and the last, it is stated, on October 30, 1917.    The amount said to be due is $754.73.    Statement of lien was filed December 28, 1917, and later a bill to enforce it.    Plaintiff had decree.    Defendant Applebaum, appealing, claims to have purchased the building on July 6, 1917, and had testimony that on that date the building was completed or practically so, and seeks reversal on the ground, chiefly, that the statement of lien was not filed within 60 days after'the furnishing of the last of the material, insisting that the material charged as of October 30, 1917, in the sum of $12.53, was not in fact furnished, and that if it was, furnishing it was an afterthought, a subterfuge, and that therefore the claim of lien must fail.    Plaintiff testified that the furnishing was done before he knew of Applebaum.    About 75 per cent. of the material was delivered and used on the job after Applebaum claims to have purchased.

There is conflict in testimony of the two witnesses for appellant and the three for plaintiff.    The trial judge, who saw these witnesses and heard their testimony, found that plaintiff, sustaining the burden of proof, had established that the materials had been furnished as charged and that they had gone into the building.    We reach the same conclusion.    The evidence of value is sufficient.

Plaintiff furnished material three times in June, five times in July, nine times in August, and twice in September (the last on September 10th), the last

before October 30th. Appellant argues that the item of October 30th is unusual, isolated, 50 days after the last material theretofore furnished, and that this circumstance, added to his direct testimony, requires a holding that plaintiff did not furnish such material, and that if there was such furnishing, it was an effort to acquire by trick a right to make and file statement of lien. But October 30th was within 60 days after September 10th. If the last of the material were furnished on September 10th, why would plaintiff, on October 30th, resort to subterfuge or trickery to get a right which he then had?

Considering all the evidence, we think that the materials were furnished in due course and in good faith.

Decree affirmed.

MCDONALD, C. J., and BIRD, SHARPE; MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.