## VANDER HORST v. KALAMAZOO APARTMENTS CORPORATION.

**1.** MECHANICS' LIENS—MORTGAGES—RECEIVERS.

Where a mortgage on an apartment house had been foreclosed and the equity of redemption had expired before the mortgagor was adjudicated a bankrupt, the trustee in bankruptcy had no interest in the mortgaged building, and therefore was not a necessary party to a suit to enforce mechanics' liens thereon.

**2.** SAME—STATUTORY REMEDY—PROVISIONS OF STATUTE MUST BE COMPLIED WITH.

The remedy afforded by the mechanics' lien law being statutory rather than equitable, the provisions of the statute must be complied with, and they are none the less imperative because a chancery court is made the forum in which the attached liens may be enforced.

**3.** SAME—CONTRACTOR—MATERIALMAN—AFFIDAVITS.

One who furnished and installed linoleum, shades, ozite, and curtain rods in an apartment house was a contractor rather than a materialman, although the labor was only about ten per cent. of the total cost thereof, and therefore he was not entitled to a lien under 3 Comp. Laws 1915, § 14799, unless an affidavit was furnished the owner as provided for in the statute.

**4.** CORPORATIONS—LICENSES—FOREIGN CORPORATION — DOING BUSINESS WITHIN STATE.

A foreign corporation which maintained an office and had a representative in this State, and which contracted to furnish screens for an apartment house which its representative was to install, was doing business in this State within the meaning of Comp. Laws Supp. 1922, § 9053 [164, 165], requiring foreign corporations to secure licenses to do business in this State, although payment was to be made to the company and it was to settle with its representative.

---

[1]Mechanics' Liens, 40 C. J. § 551 (Anno); [2]Id., 40 C. J. §§ 3, 179; [3]Id., 40 C. J. § 199 (Anno); [4]Corporations, 14a C. J. § 3978 (Anno).

239—Mich.—38.

5. PLEADING—AMENDMENTS—ADMISSION AGAINST INTEREST.

Cross-plaintiff's bill should not be amended by striking out an admission against interest, where said amendment was prayed for in a supplemental brief filed after the argument of the case, since the other party had a right to rely on said admission and was not called upon to make proof on the hearing to sustain it.

6. COMMERCE — INTERSTATE COMMERCE — CONSTITUTIONAL LAW — FOREIGN CORPORATIONS — LICENSES — DOING BUSINESS WITHIN STATE.

A contract of a foreign corporation to furnish and install screens in an apartment house is not protected by the commerce clause of the Federal Constitution (Art. 1, § 8) from the provisions of Comp. Laws Supp. 1922, § 9053 [164, 165], requiring foreign corporations to obtain a license to do business in this State; there being no such "intrinsic or peculiar quality or inherent complexity" in the screens as would prevent their sale unless they were installed by the vendor.

7. MECHANICS' LIENS—FOREIGN CORPORATIONS—LICENSES.

A foreign corporation which furnished and installed screens in an apartment house without first complying with the statute requiring it to obtain a license to do business in this State was not entitled to a mechanic's lien therefor.

8. SAME—AFFIDAVITS OF CONTRACTORS—SUFFICIENCY.

An affidavit of a contractor that no part of the work was subcontracted, that all materials used by it were furnished by it, that there were no sums due or to become due for work or materials furnished, and that all of said accounts had been fully paid and discharged, was sufficient to entitle it to a mechanic's lien.

9. SAME—DELAY IN FINISHING WORK—GOOD FAITH.

Where the main part of weather stripping an apartment house was done in the spring, but a small part was not done until the early fall, the finding of the court below that good workmanship required the delay and that it was not done for the purpose of enabling the contractor to file a lien, *held*, justified by the record.

---

[5]Mechanics' Liens, 40 C. J. § 631; [6]Corporations, 14a C. J. § 3993; [7]Id., 14a C. J. § 4006; [8]Mechanics' Liens, 40 C. J. § 199; [9]Id., 40 C. J. § 685.

10. SAME—CONSTRUCTIVE NOTICE GIVEN BY LIS PENDENS.

Notice *lis pendens* in lien cases performs its usual function, *i. e.*, gives constructive notice.

11. SAME—INTERVENER NOT NAMED IN LIS PENDENS MUST FILE NOTICE OF LIS PENDENS.

In order to give constructive notice one who is not a party to the original suit to enforce a mechanic's lien, and who is not named in any of the notices *lis pendens* filed, and who intervenes, must file notice of *lis pendens*.

12. SAME—WHERE ACTUAL NOTICE EXISTS NOTICE OF LIS PENDENS NOT NECESSARY.

Where there was actual notice of contracts and bills involved, an intervener was not required to file notice of *lis pendens* in order to enforce its mechanic's lien.

Appeal from Kalamazoo; Cross (Orien S.), J., presiding. Submitted April 22, 1927. (Docket No. 81.) Decided July 29, 1927.

Bill by Henry L. Vander Horst against the Kalamazoo Apartments Corporation, the Guaranty Trust Company, and others to foreclose a mechanic's lien. Defendants Gilmore Bros., the American Metal Weather Strip Company, the Columbian Electric Company, and E. T. Burrowes Company filed cross-bills to foreclose mechanics' liens. From a decree for plaintiff and cross-plaintiffs, defendant Guaranty Trust Company and others appeal. Affirmed' in part and reversed in part.

*John P. Neudorfer (Harold A. Jones,* of counsel), for appellants.

*Harry C. Howard,* for cross-plaintiffs Gilmore Bros. and E. T. Burrowes Co.

*Fred G. Stanley* and *Don B. Sharpe,* for cross-plaintiff American Metal Weather Strip Co.

*Joseph S. Folz,* for cross-plaintiff Columbian Electric Co.

[10]Lis Pendens, 38 C. J. § 86; [11]Id., 38 C. J. § 48; [12]Id., 38 C. J. § 44.

FELLOWS, J. The Marlborough apartments, an apartment house with 72 apartments, was erected in Kalamazoo by the Kalamazoo Apartments Corporation. A considerable amount of money was put in by the stockholders and there were two bond issues secured by mortgages on the premises, one for $225,000 in which the defendants Guaranty Trust Company and Howard C. Wade were trustees, and a second one for $75,000 in which defendants Wade and Edward A. Hoffman were trustees. Mr. Wade and Mr. Hoffman were officers of the United States Mortgage Bond Company, Limited, and that company sold the bonds, and the money received therefrom together with that of the stockholders was expended in the construction of the building. These sums proved inadequate to pay for the building and liens aggregating around $100,000 were filed by some 15 lien claimants. The Apartments Corporation defaulted in its interest on the second mortgage and that mortgage was foreclosed. The premises were bid in by the trustees of that mortgage; the equity of redemption expired without payment and Wade and Hoffman after this suit was instituted deeded the premises to the Mortgage Bond Company. That company settled with most of the lien claimants, leaving only five claims outstanding at the time of the hearing of the case in the trial court. One of these has been adjusted since the appeal to this court. The questions involved in the claims of these four appellees and cross-plaintiffs are not identical and necessitate separate consideration.

Before taking them up, however, a question common to all should be disposed of. There was parol proof in the case and a notice appearing in a newspaper tending to show that a few days before the hearing the Kalamazoo Apartments Corporation had been adjudged a bankrupt and it was insisted that it was necessary to make the trustee, when selected, a party. Passing the question of the competency of this proof,

we think the point not well taken.   When the adjudication was made the corporation had no interest in the property.   The mortgage had been foreclosed and the equity of redemption had then expired.   The trustee in bankruptcy therefore had and could have no interest in the property and was not a necessary party.

1. Gilmore Brothers.   This is a corporation operating a department store in the city of Kalamazoo.   It furnished and installed in the building the linoleum, the shades, the ozite, and curtain rods under an agreement so to do for a lump sum of $3,000.   The linoleum used largely in the kitchens was laid in cement; in the main it was cut in the store but was cut and laid by the employees of Gilmore Brothers, some trimming being found necessary as it was laid. The shades and curtain rods for 1,100 windows were likewise installed by such employees; some work getting the rollers and shades ready for installing was done in the Gilmore Brothers' workshop.   The ozite, a heavy pad, was laid under the carpets in the halls; it was held not to be a lienable article.   This cross-plaintiff did not furnish to the owner the affidavit required of contractors by section 14799, 3 Comp. Laws 1915, which section, after providing for the sworn statement, provides:

"Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien against the owner, part owner or lessee on account of such contract."   *   *   *

It is insisted by counsel for this cross-plaintiff that it was not a contractor within the meaning of the act; that it was a materialman; that the amount of labor was small compared with the value of the material furnished; that it was but a tradesman selling goods which in this case it delivered in place, and that it

was not necessary for it to furnish the sworn statement.

Counsel also makes a strong appeal for the equities of this cross-plaintiff. This appeal is not without force, and we approach this claim not indifferent to it. But it must be borne in mind that we are here dealing with a statutory remedy. The language of Mr. Justice STEERE, speaking for the court in *J. W. McCausey & Co.* v. *Gittleman*, 201 Mich. 8, 16, is applicable. He there said:

"We do not conceive that the plainly expressed provisions of the lien law are less imperative because by the statute a chancery court is made the forum in which the attached liens may be enforced. While equity courts are said to be given special jurisdiction to deal with and correct that wherein the law is deficient because of its universality, they do not rise above or have power to change the law, either statute or common. The lien law is not deficient or uncertain as to these lienors' rights. As it reads it afforded them all the protection they now appeal for on claimed equitable grounds had they timely availed themselves of its provisions."

The record discloses that about ten per cent. of this lien is made up of labor and the balance is for material and it is insisted that the labor item is so inconsequential that it should not characterize the *status* of the parties. *Bennett* v. *Davis*, 113 Cal. 337 (45 Pac. 684, 54 Am. St. Rep. 354), sustains this contention. This case was cited in *Pugh* v. *Moxley*, 164 Cal. 374 (128 Pac. 1037). It was likewise cited in *Hihn-Hammond Lumber Co.* v. *Elson*, 171 Cal. 570 (154 Pac. 12, Ann. Cas. 1917C, 798); but in this case it was said:

"We think something more than a mere comparison of the cost of the labor of attaching material to the building with the total price of the work and materials is necessary in many cases to a determination of the question whether a claimant is a subcontractor or a materialman."

There is also some language in *Terry* v. *Klein,* 133 Ark. 366 (201 S. W. 801), which sustains counsel's contention.   But this court has definitely held that where one contracts to furnish both labor and material —where one contracts to furnish the material and install it in the structure—he is a contractor and not a materialman.   In the recent case of *Stephens Lumber Co.* v. *Townsend-Stark Corp.,* 228 Mich. 182, 189, Mr. Justice McDONALD thus tersely stated the rule:

"If one combines labor on the premises in connection with the furnishing of material, he is a contractor and not a materialman."

This is in consonance with an unbroken line of decisions of this court, among them see *Sterner* v. *Haas,* 108 Mich. 488; *Martin* v. *Warren,* 109 Mich. 584; *Kerr-Murray Manfg. Co.* v. *Power Co.,* 124 Mich. 111; *McMonegal* v. *Wilson,* 103 Mich. 264.   These cases and others which might be cited settle the rule in this State.   The things to be done rather than the relative costs of doing them characterize the relations of the parties.   Under these holdings this cross-plaintiff was a contractor within the meaning of the act, and having failed to serve the requisite sworn statement was not entitled to a lien.   The decree giving him a lien must be reversed.

2. E. T. Burrowes Company.   This is a Maine corporation which had not been authorized to do business in this State.   Its failure to become domesticated pursuant to Act No. 84, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 9053), special reference being made to part 5, chap. 1, §§ 1, 3 (§ 9053 [164, 165]), is urged as the principal objection to its lien.   The contract which was for the screens for the building was executed at Kalamazoo.   It recited that the company agreed to furnish, and George E. Stickney agreed to install, the screens for a lump sum.   But it also provided that all payments were to be made to the com-

pany and it was to settle with Stickney. The proof shows that Mr. Stickney was the representative of the company at Grand Rapids, and the stationery of the company shows that it there maintains an office at 418 Houseman building. The provision as to the installation by Stickney, in view of the fact that the price of the screens and the cost of installation were both to be paid to the company, was evidently inserted to circumvent the provisions of the act. This is accentuated by the fact that Stickney personally took no part in the installation of the screens, and the further fact that this cross-plaintiff produced none of its officers or agents as witnesses so that they might be cross-examined, but made its case by cross-examination of one of the defendants.

In its cross-bill the company alleges that it is "doing business in the State of Michigan." In a supplemental brief filed after the argument of the case its present counsel asks to amend the cross-bill by striking out this allegation. This should not be done at this late day. This was an admission against interest and having once been made its retraction or withdrawal should have been more seasonably made. Appellants had a right to rely on this admission in the pleadings and were not called upon to make proof on the hearing to sustain it.

It is established on this record by the stationery of this plaintiff, its admission in its cross-bill, and some of the testimony, that this plaintiff, a foreign corporation, was at the time this contract was executed doing business in this State; it is likewise also established that it had not complied with the act and it remains to determine whether it is protected by the commerce clause of the Federal Constitution from the provisions of the act. There is no such "intrinsic or peculiar quality or inherent complexity" in the screens sold and installed as would prevent their sale unless they were installed by the vendor. It required no skilled en-

gineer or craftsman to put them in place.   Any one who could drive a nail could install them.   The attempted circumvention of the act, as we have pointed out, fails.   The Apartments Corporation contracted to pay this cross-plaintiff a lump sum for the screens and the labor of installing them.   The cross-plaintiff's representative agreed to do the installing not for the Apartments Corporation but for his principal.   The case falls within *Decorators' Supply Co.* v. *Chaussee,* 211 Mich. 302, and *Browning* v. *City of Waycross,* 233 U. S. 16 (34 Sup. Ct. 578), instead of *Westerlin & Campbell Co.* v. *Milling Co.,* 233 Mich. 384, and *York Manfg. Co.* v. *Colley,* 247 U. S. 21 (38 Sup. Ct. 430, 11 A. L. R. 611).   The Federal cases and our own, dealing with interstate commerce, have recently been reviewed in numerous cases in this court and we need not go over the ground again.   The allowance of a lien to this plaintiff must be reversed.

3. American Metal Weather Strip Company.   This is a partnership.   It furnished and installed metal weather stripping in the building.   It was a contractor as we have decided under (1) in this opinion.   It, however, served a sworn statement and the objection raised is as to its sufficiency.   It recites, after some preliminary statements not necessary to quote:

\* \* \* "that no part of said work performed in connection with the building, improving and erecting of said apartment house and building was subcontracted to any person and that all materials used by said American Metal Weather Strip Company was furnished by them, and that there are no sums due or to become due to any laborers or persons for work done and materials furnished, and that all of said accounts have been fully paid and discharged.

"Deponent further says that the said American Metal Weather Strip Company has not employed or procured materials from, or subcontracted with any person or persons, and that there is no moneys for labor or materials for building, improving or erecting of said apartment house, and that no other person,

firm or corporation furnished any labor or material for the said American Metal Weather Strip Company, or for its benefit, or for any person for them in connection therewith."

Much space is taken in the briefs of counsel in discussion pro and con as to whether the case of *McClear* v. *McCain,* 227 Mich. 622, overruled the case of *Halpin* v. *Garman,* 192 Mich. 71. In view of the averments of the affidavit before us this question is somewhat academic. But inasmuch as counsel have raised the question we should say that this court has never understood and does not now understand that the *McClear Case* overrules the *Halpin Case.* The affidavits before the court in the respective cases materially differ. Counsel for appellants has quoted from both records extensively and we think it may fairly be said that the affidavit in the *Halpin Case* contains much more of detail than the one in the *McClear Case.* It will also be noted that in the latter case the main question, the one discussed at length, was the effect of the failure to furnish a statement of the amount of work and materials furnished to date within five days after the demand of the owner in accordance with the provision of section 14803, 3 Comp. Laws 1915; no such statement having been furnished. While in the *Halpin Case* and the instant case the controlling question was and is the sufficiency of the affidavit required to be furnished by section 14799. In the instant case an affidavit was served negativing the fact that there was any person who either as materialman, laborer, or subcontractor could by any possibility have a lien on the premises. We think the affidavit in the instant case was sufficient.

It is also urged that the last of the work was not done in good faith but for the sole purpose of enabling these cross-plaintiffs to file a lien. The main part of the work was done in the spring, the balance was done in the early fall, the latter work consisting of

weather-stripping three doors and putting in a brass
sill.   When the main part of the work was com-
pleted, the double elevator doors and a service door
had not been installed and so could not be weather
stripped; the brass sill was at a place over which
heavy material had to be moved during construction
and while tenants were moving in and this cross-
plaintiff gives testimony that good workmanship re-
quired that its installation should be delayed until
this was done.   All of this work was a part of the
contract, and this cross-plaintiff was required to do
it to complete its terms.   When it was done the man-
ager by direction of the secretary of the corporation
signed an acceptance of the work.   The trial judge
found that the work was done in good faith and in
completion of the contract, and that good workman-
ship required the delay.   We are not disposed to dis-
agree with him.   *Neely* v. *Corn Products Corporation,*
232 Mich. 81; *Frolich* v. *Crows,* 232 Mich. 378; *Ypsi-
lanti Lumber & Coal Co.* v. *Leslie,* 218 Mich. 664.
This lien was properly allowed.

4. Columbian Electric Company.   Henry M. Desen-
berg, conducting his business under this name, fur-
nished and installed electrical fixtures in the building.
He seasonably filed his lien.   By agreement of the
parties he was permitted to intervene and file a cross-
bill.   He did not file notice *lis pendens* nor was he
named in any such notices filed.   An objection is
made but without merit that the court should not
have permitted an amendment to his cross-bill, but
the principal objection grows out of the failure to
file notice *lis pendens,* and defendant relies on the
recent case of *Whitehead & Kales Co.* v. *Taan,* 233
Mich. 597.   But in that case this court had before it
and was dealing with the question of constructive
notice.   What was there said had reference to that
question.   The authorities there cited and quoted
from, however, demonstrate that the notice *lis pendens*

in lien cases performs its usual function, *i. e.,* gives constructive notice.    In order to give such constructive notice one who is not a party to the original suit and not named in any of the notices *lis pendens* filed and who intervenes must file notice *lis pendens.*    Following the reasoning of the case cited and the authorities quoted from and cited in the opinion in that case it is insisted on behalf of this plaintiff that while there is no constructive notice to appellants they had actual notice, and therefore constructive notice was not necessary.    This necessitates a statement of some further facts bearing on this feature of the case.    We have already noted that the United States Mortgage Bond Company, Limited, was the fiscal agent of the Kalamazoo Apartments Corporation; that the individual trustees were its officers; and that it is now by conveyance to it by such trustees the owner of the premises.    The record discloses that all contracts including that of this plaintiff were either forwarded to the mortgage company or it was advised of them and that the bills for labor and material furnished were either sent to the company or to its said officers and that one of its officers, Mr. Hoffman, came to Kalamazoo at least once a month to examine the progress of the building.    The mortgage company retained in its possession the money received from the sale of the bonds and paid it out on the bills rendered as the work progressed.    The record is convincing that the individual trustees, Wade and Hoffman, officers of the mortgage company, and particularly Hoffman, knew as much about the contracts and the bills for material and labor as did the officers of the Kalamazoo Apartments Corporation.    The secretary of the latter company testifies that Hoffman knew as much about the progress of the building as he did; that he talked over with him both the construction and financial situation whenever they met which was at least monthly.    Upon this record we are satisfied that these individual

trustees, officers of the mortgage company who conveyed the premises to the company after this suit was instituted and the company itself had actually as full and complete knowledge of the contracts and bills involved in the construction of this apartment building as did the officers of the Apartments Corporation. Having actual notice, constructive notice was not necessary. This lien is allowed.

It follows from what has been said that the decree in so far as it allows the liens of Gilmore Brothers and E. T. Burrowes Company must be reversed and these cross-bills dismissed. In so far as it allows the liens of the American Metal Weather Strip Company and Columbian Electric Company, it will be affirmed. Appellants will have costs of both courts against the cross-plaintiffs whose bills are dismissed, but in taxing the costs of this court they will recover but one-half of the expense of transcript and printing the record. The American Metal Weather Strip Company and Columbian Electric Company will have costs of this court against appellants.

BIRD, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred. SHARPE, C. J., and SNOW, J., did not sit.