NETTING CO. *v.* TOUSCANY.

1. MECHANICS' LIENS—REQUIREMENTS OF STATUTE PREREQUISITE TO RIGHT TO LIEN.

Requirement of 3 Comp. Laws 1915, § 14799, that contractor furnish owner with sworn statement of number and names of subcontractors, etc., is a prerequisite to right to lien, and is not dispensed with because owner and contractor are only parties involved, nor is it met by a showing at the hearing that the work done and materials furnished were paid for before claim of lien was filed, or that labor was performed by contractor's permanent employees and materials furnished from general stock, since in such case the statute expressly requires proof of a negative.

2. SAME—RIGHT TO LIEN EXISTS ONLY BY STATUTE—EQUITY JURISDICTION.

Right to attach mechanic's lien and to foreclose same in equity exists only by virtue of statute, and if there is no lien, equity has no jurisdiction.

3. TRIAL—TRANSFER TO LAW SIDE OF COURT—MECHANICS' LIENS.

Contractor's suit to enforce mechanic's lien was properly transferred to law side of court, where lien did not attach because of failure to comply with statute.

4. Election of Remedies—Mistake in Remedy Not Election.
   Where plaintiff mistakenly brings suit on chancery side of
   court, but has no remedy in equity, there is no election of
   remedies preventing transfer of case to law side of court;
   statute permitting such transfer affording relief from mistake.

5. Same—Mechanics' Liens—Inconsistent Remedies.
   There is no inconsistency between an unsuccessful attempt to
   enforce mechanic's lien and an action at law to recover for
   labor performed and materials furnished, constituting elec-
   tion of remedies, since common-law action to recover personal
   judgment and an equitable proceeding to enforce mechanic's
   lien are concurrent remedies, and either may be brought while
   other is pending.

Appeal from Wayne; Jayne (Ira W.), J. Sub-
mitted April 5, 1929. (Docket No. 76, Calendar
No. 34,289.) Decided June 3, 1929.

Bill by the Netting Company, a Michigan corpora-
tion, against Amond H. Touscany and others to fore-
close a mechanic's lien. From a decree denying the
lien and transferring the case to the law side of the
court, both parties appeal. Affirmed.

*Freeman & Jordan,* for plaintiff.

*Eugene D. Kirkby* and *Anderson, Wilcox, Lacy &
Lawson,* for defendant Touscany.

Wiest, J. The bill herein was filed to foreclose
a claimed lien for labor and material furnished by
plaintiff, under contract with defendant Amond H.
Touscany, in the construction of the latter's house.
The other defendants were lien claimants, but their
claims have been adjusted, and Mr. Touscany is now
the sole defendant.

In the circuit, the alleged lien was held void for
failure of plaintiff to furnish defendant owner with

a sworn statement, required by 3 Comp. Laws 1915, § 14799. That section of the lien statute provides:

"The original contractor shall, whenever any payment of money shall become due from the owner, * * * make out and give to the owner, * * * a statement under oath of the number and names of every subcontractor or laborer in his employ, and of every person furnishing materials, giving the amount, if anything, which is due or to become due to them or any of them for work done or materials furnished. * * * Until the statement provided for in this section is made, in manner and form as herein provided, the contractor shall have no right of action or lien."

No such sworn statement was made. Under the lien statute, the sworn statement is made an unvarying prerequisite—a *sine qua non*—to attachment of a lien by one claiming under contract with the owner. *Barnard* v. *McLeod,* 114 Mich. 73; *Wildey* v. *Gillett,* 171 Mich. 153; *McClear* v. *McCain,* 227 Mich. 622; *Vander Horst* v. *Kalamazoo Apartments Corp.,* 239 Mich. 593. The requirement is not dispensed with because the owner and the contractor are the only parties involved. *Kerr-Murray Manfg. Co.* v. *Kalamazoo Heat, Light & Power Co.,* 124 Mich. 111. The requirement of the statute is not met by a showing at the hearing that the work done and materials furnished were, in fact, paid for before the claim of lien was filed, or that the labor was performed by permanent employees of the contractor and the materials were furnished from general stock and not secured specially from others. In such case the statute expressly requires proof of a negative.

The decree transferred the action to the law side of the court.

Counsel for plaintiff invoke the rule that equity, once having acquired jurisdiction, will retain it in order to give full relief and dispose of all questions involved. The rule is salutary but not here applicable. The right to attach a lien and to foreclose the same in equity exists only by virtue of the statute. If there is no lien, equity has no jurisdiction.

The suggestion that the proofs, taken at the hearing of this case in the circuit, constitute the evidence in the suit at law, when tried, cannot be entertained. Plaintiff had no lien.

Defendant appealed from that part of the decree transferring the suit to the law side of the court, claiming that plaintiff, in filing the bill in equity, made election of remedy and should be made to stand by the same. One answer to this claim is that plaintiff has no remedy in equity, and the transfer statute affords relief from just such a mistake of proper forum. Another answer is that election of remedy is not here involved. There is no inconsistency between an unsuccessful attempt to enforce a mechanic's lien and an action at law to recover for the labor performed and materials furnished. *Warner Elevator Manfg. Co.* v. *Building & Loan Ass'n,* 127 Mich. 323 (89 Am. St. Rep. 473). A common-law action to recover a personal judgment and an equitable proceeding to enforce a mechanic's lien are concurrent remedies, and either may be brought while the other is pending. *F. M. Sibley Lumber Co.* v. *Wayne Circuit Judge,* 243 Mich. 483.

The decree in the circuit court is affirmed. Both parties having appealed and both appeals being without merit, no costs are awarded.

North, C. J., and Fead, Fellows, Clark, Mc-Donald, Potter, and Sharpe, JJ., concurred.