HALL *v.* ERKFITZ.

1. MECHANICS' LIENS — OWNERSHIP OF LAND — HUSBAND AND WIFE.
    Land owned by a wife cannot be subjected to a lien for materials entering into the construction of a building erected thereon for her husband under a contract to which she was not a party; especially where no notice was given her that such materials were being furnished.

2. SAME—BILL TO ENFORCE—PARTIES.
    A building erected under contract with a husband upon land owned by the wife cannot be subjected to a lien for materials entering into its construction, where the notice of claim of lien was served upon the wife alone, and the bill to enforce the same made her the sole defendant.

Appeal from Wayne; Waite, J. Submitted October 11, 1900. Decided December 4, 1900.

Bill by Edmund Hall against Caroline Erkfitz to enforce a mechanic's lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Selling & Hatch*, for complainant.

*Lemuel H. Foster*, for defendant.

MOORE, J. This is a proceeding to enforce a lien for lumber which was used in the construction of a building erected upon premises owned by the defendant. The court below dismissed the bill of complaint, and the case is brought here by appeal.

The record shows that the defendant has been the owner of the land upon which the building was erected, and her deed has been upon record, many years. The record does not show whether it was part of her homestead or not, but the land upon which the building was erected was adjacent to the house in which she lived, and has been used as a garden. Her husband desired to have a house erected upon this land. She claims that she was opposed to it. His testimony is also to the same effect. However, an agreement was made between the husband and William Seibert that Seibert should build for Mr. Erkfitz a house upon this land for $760. This agreement was reduced to writing, and, though not signed by the parties, they are both agreed that it is the only contract ever made between them. It is the claim of Seibert that Erkfitz stated in the presence of his wife that he was the owner of the land, and that she said nothing. Mr. Erkfitz and his wife both deny this statement. Mr. Seibert bought from the complainant, through his foreman, Mr. Ross, a quantity of lumber, and proceeded with the work upon the building until the latter part of April, 1899, when he was sued, and Mr. Erkfitz was garnished. He then declined to finish the building. When the garnishee suit was commenced, Mr. Erkfitz had

paid Mr. Seibert $400, part of which was paid to the complainant; and all of it was paid for material and labor, except an amount retained by Mr. Seibert which amounted to the usual wages paid carpenters for the time he worked.

It is the claim of Mr. Erkfitz that, when he learned that the lumber was coming from the yard of the complainant, he inquired of Mr. Ross whether he should pay Mr. Seibert or the complainant for the lumber, and was assured that it would be all right to pay Mr. Seibert. Mr. Ross admits having a talk with him upon this subject, but denies that he authorized the payment to be made to Mr. Seibert. Mr. Erkfitz, after the refusal of Mr. Seibert to go on with the work, completed the house himself; claiming that it cost him, including the $400 paid to Mr. Seibert, $850. He produced on the trial receipted bills amounting to $767.30. April 28, 1899, the complainant served a written notice upon Mr. Erkfitz, directed to him, that he was furnishing lumber and material to go into this building. No notice of this kind was served upon Mrs. Erkfitz. Upon June 7, 1899, a claim of lien was filed, in which it was stated that complainant claimed a lien on the land and building of which Caroline Erkfitz was the owner, describing the land. A notice of this claim of lien was served on Mrs. Erkfitz June 8, 1899. No notice of this claim of lien was served upon Mr. Erkfitz. The bill of complaint was filed the last of June. Mrs. Erkfitz was made defendant. Mr. Erkfitz was not made a party to the proceeding. After the testimony was all taken, counsel for complainant requested leave to make Mr. Erkfitz a party to the bill, with proper averments, if the court should think it necessary that he should be a party. The record does not disclose that the judge made any disposition of this request. Mr. Erkfitz was not made a party to the bill, and is not before the court in this proceeding. The circuit judge found that there was no privity of contract between complainant and the defendant, who was the owner of the real estate. He also found that complainant had not taken the necessary steps to enforce a

lien against the building, and, as before stated, dismissed the bill of complaint.

A great many questions are raised in the case and argued by the solicitors, but we do not deem it necessary to discuss them all. The right to obtain a lien for materials furnished is a purely statutory one. It is in derogation of the common law, and the essential requirements of the statute must be observed. *Wagar* v. *Briscoe*, 38 Mich. 587; *Knapp* v. *Swaney*, 56 Mich. 345 (23 N. W. 162, 56 Am. Rep. 397); *Sheridan* v. *Cameron*, 65 Mich. 580 (32 N. W. 894); *Lindsay* v. *Huth*, 74 Mich. 712 (42 N. W. 358); *Peninsular General Electric Co.* v. *Norris*, 100 Mich. 502 (59 N. W. 151). Mrs. Erkfitz was not a party to the contract. She not only did not consent to the creation of a lien upon her land, but it affirmatively appears that she was not a party to the contract, and that it was made solely with her husband. No notice was served upon Mrs. Erkfitz that complainant was furnishing material, as required by statute. A lien would not be created upon her real estate for material furnished to complete a contract made with her husband, to which contract she was not a party. Notice was not served upon Mr. Erkfitz that complainant intended to assert a lien against his building. A bill of complaint was not filed against him. Section 10718, 3 Comp. Laws 1897, provides the lien shall continue no longer than one year after the statement of lien is filed in the office of the register of deeds, unless proceedings are taken to enforce it. The next section of the statute provides that the proceeding to enforce the lien shall be by bill in chancery. No such proceeding has been commenced against Mr. Erkfitz. The circuit judge was right in his conclusions.

The decree is affirmed, with costs.

The other Justices concurred.