METCALFE *v.* CARR. .

SALE OF DEVISED LANDS—PETITION—VERIFICATION—OFFICIAL
CHARACTER OF NOTARY.

A petition under 3 Comp. Laws, § 9234 *et seq.*, authorizing the
sale of lands on petition under oath of a devisee of a life
estate therein, which is verified in a foreign State, and con-
tains no clerk's certificate to the official character of the no-
tary before whom the verification was made, is fatally defec-
tive.

Appeal from Wayne; Donovan, J. Submitted Novem-
ber 19, 1902. (Docket No. 101.) Decided May 12, 1903.

Petition by Mary A. Metcalfe against Nerve D. Carr
and others for the sale of certain devised lands. From an
order dismissing the petition, petitioner appeals. Affirmed.

*James Swan*, for petitioner.

*John H. Goff, Frank P. Guise*, and *Wilkinson &
Younglove*, for defendants.

HOOKER, C. J. The petitioner is the widow of Samuel
Miller, who died testate in Detroit about December 1, 1881.
The will was duly probated. Its provisions for petitioner
were: (1) A devise of $10,000, to be held, controlled, and
used by her during her life; whatever should remain at
her death to become a part of his estate. (2) After pro-
viding legacies for several persons, he directed that the
rest, residue, and remainder of all the property, real, per-
sonal, and mixed, should go to his heirs at law as the
same would be distributed by the law of descent of the
State of Michigan as it then was. In March, 1883, the
probate court made an order that the residue of real prop-
erty be adjudged and decreed to belong to the petitioner

during her natural life. This property consisted of several tracts and lots which are described in the petition.

The petition was filed under 3 Comp. Laws, § 9234 *et seq.*, and alleges that the estate has been closed since April, 1884; that she is owner by purchase of one seventy-second of the fee, in addition to her life estate. It names the other persons interested in the fee, alleges a necessity for sale, and prays that it be sold, and the proceeds divided, as "provided by the statute." This petition was filed in the circuit court in chancery. An order to show cause was served on some of the defendants, and, others being nonresident, publication was made. Some of the defendants appeared and answered. At least one questioned the jurisdiction. Several persons mentioned in the petition as parties in interest did not appear. Upon their motion the proceedings were dismissed, with costs, upon the following grounds:

1. Because it did not appear that the petition was under oath, inasmuch as there was no clerk's certificate to the official character of the notary, and verification having been made in California.

2. It was not made to appear that the order was published in the county where petitioner resided; *i. e.*, Los Angeles county, Cal.

3. Because it appears by the will of Samuel Miller, a copy of which is attached to the petition herein, that the heirs at law of said Samuel Miller were devised the same estate in the land mentioned in said petition as they would take by descent had the said Samuel Miller died without a will, and because the statute, as amended, entitled "An act to authorize the sale in certain cases of land devised or bequeathed by will without power of sale," is not applicable to the lands set forth in the petition.

The first point made is sufficient to require the affirmance of the order dismissing the petition. The case is ruled by the following cases: *Platt* v. *Stewart*, 10 Mich. 260; *Coleman* v. *Stearns Manfg. Co.*, 38 Mich. 34; *Colton* v. *Rupert*, 60 Mich. 325 (27 N. W. 520); *Adams* v. *Wayne Circuit Judge*, 98 Mich. 51 (56 N. W. 1051).

As some of the parties are not before the court, we do not dispose of the other questions.

The order is affirmed.

Moore, Grant, and Montgomery, JJ., concurred. Carpenter, J., did not sit.