MORRISON COMPANY *vs.* HENRY BIGELOW WILLIAMS.

Suffolk.   November 13, 1908. — January 5, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Mechanic's Lien.   Lis Pendens.   Practice, Civil,* Plea in abatement.   *Contract,*
Construction, Building contract.

Although one, to whom there is due from the owner of real estate a debt of the
  kind described in R. L. c. 197, relating to mechanic's liens, can have but one
  satisfaction of the debt, under § 33 of that chapter he may maintain against
  such owner at the same time an action of contract for the debt and a petition to
  enforce the lien to secure its payment.
A building contract contained as successive paragraphs in one article a paragraph
  providing for the making by the contractor to the architect of monthly state-
  ments of the amount in value of labor and materials provided and used in the
  erection of the building, and for the issuing by the architect of certificates for
  the payment of a certain percentage of such amount or of so much thereof as the
  architect deemed best, a paragraph which read as follows: "Final settlement
  to be made forty days after the full completion of said building and its accept-
  ance by the architect," and a paragraph which read: "Provided, however, that
  in each of said cases of payment, if required, the . . . [contractor] . . . shall
  present a certificate from the clerk of the office where liens are recorded, signed
  by said clerk, to the effect that the works and estate are, at the time said pay-
  ments are due, free from all liens or claims chargeable to the said " contractor.
  The contractor filed a petition under R. L. c. 197, to enforce a lien for the
  final payment alleged to be due him under the contract.   The respondent filed
  an "answer in abatement," setting forth the above provision of the contract,
  alleging that there were a number of liens filed against the property for claims

chargeable to the contractor, petitions to enforce some of which were pending, and that the contractor had not presented the certificate as to liens called for by the contract, but containing no allegation that the certificate as to liens had been required by him. The petitioner demurred to the answer. *Held,* that the demurrer must be sustained, since the provision as to the certificate relating to liens did not have to do with the final payment, and since it did not appear that the owner had required the presentation of the certificate by the contractor.

PETITION for the enforcement of a mechanic's lien, filed in the Superior Court for the county of Suffolk on July 15, 1907.

The respondent filed an " answer in abatement" to which the petitioner demurred, as stated in the opinion. *Gaskill,* J., sustained the demurrer after a hearing, and reported the case for determination by this court.

*C. F. Kittredge,* for the petitioner.

*R. F. Sturgis,* for the respondent.

KNOWLTON, C. J.  To this petition for the enforcement of a mechanic's lien the respondent filed a plea in abatement, averring first, that the petitioner had previously brought an action of contract, which was still pending, for the collection of the same indebtedness, and secondly, that there was a provision in the contract in regard to the existence of other liens or claims upon the property chargeable to the petitioner, which was a cause for the abatement of the petition.  The questions come before us on a demurrer to this plea.

1. The statute provides that one may maintain an action of contract for a debt of this kind, and at the same time have the benefit of the provisions of law for the enforcement of a lien upon the land and building. R. L. c. 197, § 33.  This is the meaning of the prior statutes covering the same subject in similar language. R. S. c. 117, § 33.  Gen. Sts. c. 150, § 40.  Pub. Sts. c. 191, § 46.  That this is the proper interpretation of the provision was decided in *Angier* v. *Bay State Distilling Co.* 178 Mass. 163, in which the decision was not made upon a question of pleading, but upon substantive grounds.  Of course the petitioner can have but one satisfaction, but he may pursue both remedies until he obtains satisfaction in one of them, so long as his action in one proceeding is not in conflict with that in the other.

2. An article in the contract provides for the making of monthly statements, by the contractor to the architect, of the

amount in value of labor and materials provided and used in the erection of the building, and for the issuing by the architect of certificates of payment of eighty per cent of such amount, or of so much as he deems just.   The next paragraph is in these words: "Final settlement to be made forty days after the full completion of said building and its acceptance by the architect." Then in another paragraph is the following: "Provided, however, that in each of said cases of payment, if required, the said party of the first part shall present a certificate from the clerk of the office where liens are recorded, signed by said clerk, to the effect that the works and estate are, at the time said payments are due, free from all liens or claims chargeable to the said party of the first part." *

The plea in abatement sets up this last quoted provision, with an averment that no certificate was furnished under it.   It contains no averment that any certificate was required.   It is also averred that there are liens of certain persons filed against the property for labor and materials used in the erection of the building, and that petitions for the enforcement of some of these liens are pending.

These averments furnish no ground for the abatement of the petition.   In the first place we are of opinion that the quoted provision does not apply to the final settlement, to be made forty days after the completion of the building, but only to the payments to be made monthly, according to the earlier requirement of the contract.   Secondly, the failure to furnish a certificate when none was required would not affect the petitioner's right.

The postponement of the settlement until forty days after the completion of the building was undoubtedly intended to enable the owner to ascertain whether there were liens upon the building, and to protect himself from them.   But this part of the contract does not preclude the petitioner from bringing a petition or suing out a writ for the recovery of the amount due him.   In determining the amount to be paid him, if he had failed to pay for labor and materials included in his contract,

---

* These three paragraphs were consecutive parts, unnumbered, of one article in the contract.

and had left them to be paid for out of the owner's property through the enforcement of a lien, that fact would be taken into account. The rights of the respondent in this particular would be protected by the court.

*Case to stand for trial.*