### CENTRAL BLDG. CO. v. ALMA DEVELOPMENT CO., Limited.

(Circuit Court of Appeals, Sixth Circuit. May 11, 1920.)

No. 3368.

Acknowledgment ⬥39—Mechanic's lien based on unauthenticated foreign affidavit invalid.

The provision of Comp. Laws Mich. 1915, § 12502, that "in cases where by law the affidavit of any person residing in another state * * * is required, or may be received in judicial proceedings in this state to entitle the same to be read, it must be authenticated," if taken before a notary public in another state, by the certificate of the clerk of a court of record in the county where taken, under the seal of said court, to the signature of such notary, and that he was such notary public, held to apply, not only to affidavits to be read in judicial proceedings, but to all others required by law, including the statement of demand to initiate

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a mechanic's lien, which is required to be verified by affidavit, and a claimed lien, based on an affidavit not so authenticated, *held* invalid and not enforceable.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit by the Central Building Company against the Alma Development Company, Limited. Decree for defendant, and complainant appeals. Affirmed.

Charles M. Owen, of Grand Rapids, Mich., for appellant.
Kelly S. Searl, of St. Johns, Mich., for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

KNAPPEN, Circuit Judge. This is an appeal from the judgment of the District Court dismissing a bill of complaint for the foreclosure of a mechanic's lien on property situate in the state of Michigan. The affidavit to the statement of demand purports to have been verified by the oath of Bradford A. Gibson, a resident of Worcester, Mass., and president of the Central Building Company of that place, and the jurat thereto is subscribed as follows:

"William C. Melish, Notary Public, Worcester County, Mass. My commission expires July 12, 1923."

The District Court sustained the motion to dismiss, for the reason that there was not attached to the statement of demand a certificate of a clerk of a court of record of Worcester county, Mass., authenticating the signature of the person signing the same as notary public, and that such person was at the date of the affidavit a notary public in and for that county and state.

The Michigan mechanic's lien statute (Comp. Laws Mich. 1915, § 14800) requires that the statement of demand be "verified by affidavit." The Supreme Court of Michigan has held that the mechanic's lien law is in derogation of the common law, and therefore must be strictly construed, at least to the point where the lien attaches. Wildey v. Gillett, 171 Mich. 153, 136 N. W. 1116; Sterner v. Haas, 108 Mich. 488, 66 N. W. 348; Wagar v. Briscoe, 38 Mich. 587; Hall v. Erkfitz, 125 Mich. 332, 84 N. W. 310. Failure to verify the statement of demand is fatal to the validity of the lien. Lindsay v. Huth, 74 Mich. 712, 42 N. W. 358.

Section 12502, Comp. Laws Mich. 1915, provides that—

"In cases where by law the affidavit of any person residing in another state of the United States, or in any foreign country, is required, or may be received in judicial proceedings in this state, to entitle the same to be read, it must be authenticated as follows: * * * If such affidavit be taken in any other of the United States * * * it may be taken * * * before any notary public * * * authorized by the laws of such state to administer oaths therein. The signature of such notary public * * * and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public * * * shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court."

The pivotal question is whether, as appellant contends, this requirement of authentication is confined to such affidavits as are to be "received in judicial proceedings," or whether it extends to all cases where by law such affidavit "is required." We think the latter the natural and correct construction. If so, it is not important that the requirement of authentication is not found in the mechanic's lien law itself.

While punctuation ·is not of controlling importance, yet if the statute was intended to be limited to judicial proceedings it would have been more natural to omit the comma after "required." This interpretation is reinforced by the inherent improbability that the Legislature intended to limit the provisions of the statute to judicial proceedings, in which the official character and signature of the notary would always be open to direct proof, rather than to make it applicable also to the large and important class of cases in which the validity of a lien or of a notice depends upon proper verification as entitling it to be read, as in the case of mechanic's lien proceedings and chattel mortgages (People v. Burns, 161 Mich. 169, 125 N. W. 740, 137 Am. St. Rep. 466), and the effectiveness of the verification depends solely on the fact of notarial authority and signature of an officer outside the state, with respect to which the citizens of this state have no immediate means of knowledge; and an affidavit of demand in mechanic's lien proceedings is not amendable. Lacy v. Power & Heat Co., 157 Mich. 544, 122 N. W. 112, 133 Am. St. Rep. 360. The Legislature could not, we think, have contemplated that the fact of such notice should be left to stand or fall by proof outside the record that the alleged notary had or had not such official character, or that the signature was or was not his, as the case might prove.

The words "to entitle the same to be read" do not, in our opinion, militate against the construction of the statute above announced. As said in Berkery v. Circuit Judge, 82 Mich. 160, 167, 168, 46 N. W. 436, 438, in answering an objection that the statute did not apply to an affidavit necessary to enable the entry by the clerk in the circuit court of a judgment based upon a transcript of judgment rendered by a justice of the peace:

"The clerk must read the affidavit to know whether it complies with the statute, and so to determine whether he should file it, and enter judgment upon it."

The requirement of an affidavit presupposes that it is intended to be read. That is bound to be so where an affidavit is required by statute for purposes of notice and evidence of fact. Indeed, an affidavit of the character in question here should be read by the register of deeds before recording to determine whether it meets statutory requirements, and so is entitled to record.

Our interpretation of the statute accords with what we understand to be the construction generally accepted by the bench and bar of Michigan, and such interpretation should not be lightly ignored. While the Supreme Court of Michigan has not had occasion to consider the precise question before us, its decisions, cited below, are in no wise in conflict with our construction. Berkery v. Circuit Judge, supra;

Metcalfe v. Carr, 133 Mich. 123, 94 N. W. 734. The decisions in other jurisdictions upon statutes there involved are not specially helpful. True, the Berkery Case related solely to a judicial proceeding, and it was there held that the section here in question applied thereto; but there was no occasion to consider, and the court did not consider, its applicability to other than judicial proceedings. Neither section 2497, section 12494, nor section 11757, in our judgment sustains the verification in question.

It follows that the affidavit of demand in the case at bar was not authenticated as required by statute, and therefore was not entitled to record, and the court was thus without jurisdiction to enforce the same.

The judgment of the District Court is affirmed.