BOLHUIS LUMBER & MANFG. CO. *v.* VAN TUBERGEN.

1. MECHANICS' LIENS—TIME FOR FILING LIEN.
Where owners insisted that contractor replace cracked window glass, as required by contract, time for filing mechanic's lien ran from date of replacement.

2. SAME—ANSWER—TRIABLE ISSUE.
Under mechanics' lien law (3 Comp. Laws 1915, § 14805), where sworn bill alleged proper service of statement of lien, answer which neither admitted nor denied alleged service did not make same triable issue.

Work done or material furnished in perfecting original work as lienable items to establish period for filing claim, see 12 L. R. A. (N. S.) 864.

Substitution or replacement of material as affecting time for filing of mechanics' lien, see annotation in 54 A. L. R. 984.

Appeal from Allegan; Cross (Orien S.), J. Submitted April 9, 1930. (Docket No. 26, Calendar No. 34,856.) Decided June 2, 1930.

Bill by Bolhuis Lumber & Manufacturing Company, a Michigan corporation, against John B. Van Tubergen and others to enforce a mechanic's lien. Cross-bill by C. W. Moore, trustee in bankruptcy for Edward J. Luick, as intervening defendant, to set the lien aside. From decree for plaintiff, intervening defendant appeals. Affirmed.

*Lokker & Den Herder,* for plaintiff.

*Corwin, Norcross & Cook,* for intervening defendant.

Wiest, C. J. Plaintiff filed a claim of lien, against premises of defendants Van Tubergen, for material furnished their contractor, Luick, in constructing a house. Moore, trustee in bankruptcy for Luick, is interested in defeating the lien, and thereby obtaining from the Van Tubergens money due Luick. The claim of lien was filed too late, unless the replacement of three defective lights of window glass be considered work in constructing the house.

The owners moved into the house in July, and found three window lights cracked, took the matter of replacement thereof up with Luick, the contractor. The sash and glass set therein were furnished Luick by plaintiff. Plaintiff, in September, sent its glazier and replaced the cracked glass, charged Luick $2.58 for doing so, and within a month thereafter filed the claim of lien for that item and previous material. The contract with the owners required Luick to replace the glass. The

owners insisted that it be done, Luick asked plaintiff to do it for him, and plaintiff did so. This item, though trivial, was in performance of the contract, and the time for filing the lien ran from the date of replacement.

In *Nancolas* v. *Hitaffer,* 136 Iowa, 341 (112 N. W. 382, 12 L. R. A. [N. S.] 864), it was held that repairing a Yale door lock, if done in good faith and not for the purpose of extending the time within which to claim a lien, constituted a lienable item. It was there said:

"The contractors undertook to furnish the building with the lock in question, and it was to be delivered over to the appellant (owner) in good working order, and, if it became necessary to have it repaired in order to so deliver it, it was proper for the contractors or for the plaintiffs as subcontractors acting under their direction to have necessary repairs thereon made, and to make a charge therefor."

We quote the following from 40 C. J. p. 204, § 240:

"Where, even after the contract is substantially completed, claimant does further work or furnishes further material which is necessary for the proper performance of his contract, and this is done in good faith, at the request of the owner or his agent or architect, or in the case of a subcontractor at the request of the contractor, or for the purpose of fully completing the contract, and not merely for the purpose of fixing a later date from which to compute the time for filing the lien claim or statement, or as a gratuity or act of friendly accommodation, the period for filing the lien will run from the doing of such work or the furnishing of such materials, regardless of the value thereof, at least where there are no intervening rights."

The claim of lien was timely filed. The bill of complaint herein, duly verified, alleged service of a copy of statement of the lien upon defendants Van Tubergen, within the county of Allegan. The answer of Moore, trustee, neither admitted nor denied such service. The Van Tubergens filed no answer. Proof of service upon the Van Tubergens within the county of Allegan was duly filed with the register of deeds. At the hearing, defendant John Van Tubergen testified that service of the statement and claim of lien was made upon him in the county of Ottawa.

The mechanics' lien law (3 Comp. Laws 1915, § 14805) provides that:

"All bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath."

The sworn bill alleged proper service of the statement of lien. The answer of Moore, trustee, did not deny the alleged service or make the same a triable issue. It was not enough for defendant Moore, by answer, to neither admit nor deny the service alleged and leave plaintiff to its proof, for the statute requires such an issue to be raised, if at all, by denial under oath.

The decree is affirmed, with costs against appealing defendant.

BUTZEL, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.