### YERRINGTON .v. MILLER.

1. MECHANICS' LIENS—ENFORCEMENT—STATUTES.

   A lienholder who fails to take steps to foreclose its mechanic's lien within the statutory time for enforcement of 1 year loses its lien (CL 1948, § 570.9).

2. SAME—PRIORITY.

   By virtue of the mechanics' lien statute, such liens are given priority over other- types of liens and encumbrances (CL 1948, § 570.9).

3. SAME—PRIORITY OVER RIGHTS OF ATTACHMENT CREDITOR.

   Plaintiff's mechanic's lien for building race track and auxiliary buildings had priority over the rights of appellant for installation of lighting system, where appellant who had filed a claim of lien, failed to take steps to foreclose it within the year allowed, and procured a judgment in attachment to collect its claim, but did not sell the property until after plaintiff's claim of lien had been filed (CL 1948, §§ 570.1, 570.9).

4. SAME—ATTACHMENT A CONCURRENT REMEDY.

   The remedy of attachment is concurrent, and not inconsistent, with the remedy afforded by the mechanics' lien statute (CL 1948, § 570.1 *et seq.*).

5. SAME—FORECLOSURE—SUBORDINATION OF ATTACHMENT CREDITOR'S INTEREST.

   Where a defendant lienholder failed to enforce its mechanic's lien by foreclosure in chancery but, instead, started an action at law in attachment, it is entitled to but one sat-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 3, 5] 36 Am Jur, Mechanics' Liens, §§ 176–178, 241, 242.
[1, 2, 3, 5] What amounts to bringing suit within limited time required by mechanics' lien statute. 75 ALR 695.
[4] 4 Am.Jur, Attachment and Garnishment, § 16; 36 Am Jur, Mechanics' Liens, § 234.

isfaction; hence, where plaintiff filed its claim of lien before the sheriff's sale of lienee's interest in the property in the attachment proceedings, defendant, as purchaser at such sale, obtained only the lienee's interest then subject to plaintiff's lien (CL 1948, §§ 570.1, 570.9).

Appeal from Van Buren; Fox (Raymond F.), J., presiding. Submitted April 12, 1949. (Docket No. 61, Calendar No. 44,396.) Decided June 10, 1949.

Bill by John Yerrington against Gorden J. Miller and others to foreclose a mechanic's lien. Decree for plaintiff. Defendant Michigan Clifton Engineering Company appeals. Affirmed.

*Sheldon Rupert,* for plaintiff.

*C. L. Stickler,* for defendant Michigan Clifton Engineering Company.

BOYLES, J. This is an appeal from a decree entered in the circuit court in Van Buren county in chancery granting to plaintiff prior rights as to all of the defendants, under a labor and material lien. The court decreed foreclosure of plaintiff's lien and sale of the property involved, to pay plaintiff for work performed and material furnished by him on certain property of the defendant Gorden J. Miller. The defendant Michigan Clifton Engineering Corporation, a similar lienholder whose rights are thus subordinated to the rights of the plaintiff, appeals and is the sole appellant.

In 1947, the defendant Gorden J. Miller, then the owner of certain real estate in Van Buren county, started to build a race track on his land and contracted with plaintiff to build the race track and auxiliary buildings. This work was commenced on June 10, 1947, and completed July 24, 1947. Plain-

tiff was unable to collect the amount owed him by
Miller and filed a mechanic's lien in Van Buren coun-
ty on September 18, 1947.   Numerous other liens
upon Miller's property were likewise filed by other
parties, including the defendant and appellant Mich-
igan Clifton Engineering Corporation.  All defend-
ants in this cause, except the engineering corpora-
tion, have defaulted either by operation of law or
by stipulation.  Miller had contracted with the de-
fendant engineering corporation to install the light-
ing system for said race track.  When the work was
completed Miller failed to pay the defendant engi-
neering corporation some $8,100 for labor and ma-
terials upon that contract, the work for which was
begun in April of 1947 and completed on July 1,
1947.  On August 7, 1947, said defendant engineer-
ing corporation filed its mechanic's lien.  Two weeks
later said defendant engineering corporation start-
ed proceedings at law by attachment against Miller's
land to collect its claim, levy was made on August
21, 1947, and judgment in attachment was rendered
on September 25, 1947.  To enforce this judgment,
execution sale was had of Miller's properties on
December 15, 1947, and the engineering corporation
purchased said plant at the sale, for the amount of
its judgment plus interest and costs.

On July 29, 1948, within the year allowed by the
mechanics' lien law,* plaintiff filed this bill in chan-
cery to have his lien declared to have priority as
against the engineering corporation's judgment in
attachment, and the execution sale, as well as against
all other mechanics' liens on file; and for the en-
forcement of his lien filed on September 18, 1947.
This lien, it will be noted, was filed subsequent to the
start of the attachment proceedings but prior to the
sheriff's sale.

---

\* CL 1948, § 570.1 *et seq.* (Stat Ann and Stat Ann 1947 Cum Supp
§ 26.281 *et seq.*).

· ˙Miller's equity of redemption from the aforesaid sheriff's sale was not exercised, and expired on December 15, 1948. On February 10, 1949, the circuit court for Van Buren county entered the aforesaid ˙˙ decree in this case, declaring a lien in favor of plaintiff in the sum of $11,487.45; directing the defendants to pay that amount to plaintiff, plus interest from July 24, 1947, on or before 10 days; and decreeing that otherwise the premises be sold to satisfy said lien. It is from that decree that this appeal is brought before us by the defendant Michigan Clifton Engineering Corporation.

The issue raised is one of priorities. Does the plaintiff, who foreclosed his mechanic's lien ˙in accordance with the statute in the case made and provided, have priority over another mechanic's lienholder who did not foreclose its lien within the 1-year period from date of filing but commenced proceedings at law, took a judgment, and obtained a sheriff's deed after the work of plaintiff was commenced?

Appellant engineering corporation took no steps to foreclose its mechanic's lien, and as a result the lien was lost by lapse of the statutory time for its enforcement. The rights granted under the mechanics' lien statute extend for a 1-year period only.

"The several liens herein provided for shall continue for 1 year after such statement or account is filed in the office of the register of deeds, and no longer unless proceedings are begun to enforce the same as hereinafter provided." CL 1948, § 570.9 (Stat Ann § 26.289).

Also, see *L. J. Mueller Furnace Co.* v. *Wayne Circuit Judge,* 226 Mich 672; *Fox* v. *Martin,* 287 Mich 147.

Mechanics' liens are given priority over other types of liens and encumbrances by the above statute, as follows:

"Third, They shall be preferred to all other titles, liens or incumbrances which may attach to or upon such building, machinery, structure or improvement, or to or upon the land upon which they are situated, which shall either be given or recorded subsequent to the commencement of said building or buildings, erection, structure or improvement."

Thus the statute expressly declares that plaintiff's lien shall have priority over any rights of the appellant engineering corporation which attached subsequent to the commencement of plaintiff's work. The decree entered in plaintiff's favor in the court below merely followed the statute in that respect, and must be affirmed.

Appellant argues that the remedy by attachment which appellant adopted and followed is not inconsistent with its mechanic's lien, and that they are concurrent remedies. But that does not control decision here. We may assume that the remedy pursued by appellant is concurrent, and not inconsistent, with the mechanic's lien. Appellant could at any time within the statutory 1-year period from the filing of its mechanic's lien have proceeded to enforce it by foreclosure in chancery, even though it had also started an action at law in attachment. *Netting Co.* v. *Touscany,* 247 Mich 279. But the appellant is entitled to but one satisfaction. *Morrison Co.* v. *Williams,* 200 Mass 406 (86 NE 888). When it failed to enforce its mechanic's lien, and instead relied solely on the attachment proceedings and sheriff's sale, it purchased at that sale only such right, title and interest in the property as defendant

Miller had. Miller's right, title and interest was then subject to plaintiff's lien.

Decree affirmed, with costs to appellee.

SHARPE, C. J., and BUSHNELL, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.