SKYHOOK LIFT-SLAB CORPORATION v.
HURON TOWERS, INC.

1. MECHANICS' LIENS—FILING CLAIM OF LIEN—NOTICE TO OWNER—
BURDEN OF PROOF.
    The burden of proof is on a subcontractor claimant for a me-
    chanic's lien to show compliance with clear and unambiguous
    statutory requirements pertaining to service of notice of claim
    of lien upon the owner within the county where the property
    was located or a posting of the claim upon the property (CL
    1948, § 570.6, as amended by PA 1958, No 213).

2. SAME—CLAIM OF LIEN—SERVICE WITHIN COUNTY—POSTING.
    One not dealing directly with the owner of real estate must
    serve a copy of the claim of lien on the owners, or their
    agent, within the county in which the land is located or post
    the claim in some conspicuous place on the premises in order
    to comply with clear and unambiguous pertinent statutory re-
    quirements (CL 1948, § 570.6, as amended by PA 1958, No 213).

3. SAME—COMMON LAW.
    The mechanics' lien statute is in derogation of the common law
    and those claiming benefits under it must bring themselves
    within its provisions (CL 1948, § 570.1 et seq., as amended).

4. WORDS AND PHRASES—SERVICE OF NOTICE.
    Generally, personal service is meant, where notice is required
    by statute, and the method of service is not prescribed.

5. MECHANICS' LIENS—SERVICE OF NOTICE OF CLAIM OF LIEN.
    Personal service of claim of mechanic's lien on owners in county
    other than that in which land was located, made by subcon-
    tractors who had not dealt directly with the owners held, not
    in compliance with pertinent provisions of mechanics' lien law,
    there having been no service within the county where the
    premises were located nor posting of the claim on the premises
    (CL 1948, § 570.6, as amended by PA 1958, No 213).

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  36 Am Jur, Mechanics' Liens §§ 123–129, 272.
[2]  36 Am Jur, Mechanics' Liens §§ 123–129.
[3]  36 Am Jur, Mechanics' Liens § 12.
[4, 5] 36 Am Jur, Mechanics' Liens §§ 125–129.

Appeal from Washtenaw; Breakey, Jr. (James R.), J. Submitted December 7, 1962. (Calendar No. 112, Docket No. 49,838.) Decided January 11, 1963.

Bill by Skyhook Lift-Slab Corporation, a Missouri corporation, against Huron Towers, Inc., and Future House Apartments, both Michigan corporations, for foreclosure of mechanic's lien. Bill dismissed on motion. Plaintiff appeals. Affirmed.

*Moll, Desenberg, Purdy, Glover & Bayer,* for plaintiff.

*Grossman, Hyman & Grossman,* for defendants.

CARR, C. J.   Claiming that it had furnished labor to the general contractor constructing an apartment building in the city of Ann Arbor for the above named appellees, plaintiff brought suit in circuit court for the foreclosure of a claimed mechanic's lien for unpaid indebtedness owing to it. In its bill of complaint it alleged a written contract with said contractor, the Long Construction Company, and the performance of the work contemplated thereby beginning on March 15, 1960, and ending on October 12th following. Plaintiff further alleged the filing, recording, and service of notice of intention, in accordance with the mechanic's lien law, to claim a lien upon the property in question. Further required statutory* steps for the perfection of the lien were alleged, including the claim that the owners "were each served with a copy of a statement of the account and lien" and that proof of such service was filed in the office of the register of deeds for the

---

* PA 1891, No 179, as amended (CL 1948, § 570.1 *et seq.,* as amended [Stat Ann 1953 Rev and Stat Ann 1961 Cum Supp § 26.281 *et seq.*]).

county. Plaintiff claimed that the amount due and owing to it was the sum of $15,450. To the bill of complaint the defendant owners filed motion to dismiss, alleging that the lien claimed by plaintiff was defective as a matter of law on the ground of failure to comply with the requirements of the statute and, specifically, that service had not been made, and proof thereof filed, in accordance with statutory requirements. The motion was duly sworn to, as was the bill of complaint.

On the hearing of the motion in circuit court the parties stipulated the controlling facts in issue, which were that the lien was filed, that notice to the owners was not had in Washtenaw county but was sent by mail to them in Wayne county where it was received, and that there was no service on any agent of the owners in Washtenaw county and no posting on the property as authorized by the statute. The trial court came to the conclusion that the motion was well founded, and that the service by mail on the owners was improper on the ground that the statute authorized personal service in Washtenaw county only. An order was entered dismissing the proceeding, and plaintiff has appealed.

The statutory requirements involved in the instant proceeding are set forth in section 6, CL 1948, § 570.6, as last amended by PA 1958, No 213 (Stat Ann 1961 Cum Supp § 26.286), of the mechanic's lien law. Said section reads as follows:

"Every person recording such statement or account as provided in the preceding section, except those persons contracting or dealing directly with the owner, part owner or lessee of such premises, shall within 10 days after the recording thereof, serve on the owner, part owner or lessee of such premises, if he can be found within the county or in case of his absence from the county, on his agent having charge of such premises, within the county

wherein the property is situated, a copy of such statement or claim; but if neither of such persons can be found within the county where such premises are situated, then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might have been served personally, could the principal or agent, as aforesaid, have been found. Proof of such service and the date and manner thereof shall be made by the affidavit of such person serving or posting the same, which proof of such service shall be recorded in the office of the register of deeds for such county before any subsequent proceedings shall be taken for the enforcement of such lien."

The question at issue is whether the statutory requirements necessary to establish a right of action to enforce the lien were properly observed. The burden of proof was on plaintiff to show compliance with such requirements. *Bezold* v. *Beach Development Co.,* 259 Mich 693, and prior decisions there cited. The language of the section above quoted is clear and unambiguous. From the averments of the bill of complaint it appears that plaintiff did not contract or deal directly with the owners, but with the contractor constructing the apartment building. It was, therefore, necessary to serve a copy of the claim on the owners, or their agent, within the county of Washtenaw. If service could not be so made then the statute required posting in some conspicuous place on the premises. We are dealing with a special statutory proceeding and the requirements imposed by the legislature for the perfection of the lien must be observed. In no manner has the legislature said, or suggested, the possibility of service by mail or service in any county except that wherein the property is situated.

In *Hannah & Lay Mercantile Company* v. *Mosser,* 105 Mich 18, it appeared that the Chicago & West

Michigan Railway Company had entered into a contract with defendant Mosser for the construction of a building at Traverse City according to plans and specifications. Under said contract Mosser was required to furnish all materials and labor. After receiving the greater part of the contract price the contractor made an assignment for the benefit of his creditors and left the State. The plaintiffs in the case filed liens and instituted proceedings to enforce them. Quoting section 6 of the lien statute, this Court decided, on appeal from a decree in favor of the plaintiffs against the railroad company, that service by mail on the general manager of the appellant in Grand Rapids was not compliance with the statute. In commenting on the situation it was said, in part (pp 22, 23):

"The proofs show that George E. Hunt was the agent of the defendant company, in charge of the building. He was the station agent there, and he testifies that the complainants, the Hannah & Lay Mercantile Company, Mr. Boots, and the J. E. Greilick Company all knew that he was the agent. He was the only representative of the company there in that county. It is admitted that no service was made on him, and that no notice of the claim of lien was posted upon the building.

"This statute is in derogation of the common law, and those claiming benefits under it must bring themselves within its provisions. Phillips, Mechanics' Liens (3d ed), § 367a. The statute provides for service on the owner, part owner, or lessee of the premises, if he can be found within the county; and it is evident from the closing paragraph of section 6, above quoted, that this must be *personal* service, for it is there provided that if the owner, part owner, lessee, or agent cannot be found within the county where the premises are situate, 'then such copy shall be served by posting in some conspicuous place on said premises within 5 days after the same might

have been *served personally* could the principal or agent, as aforesaid, have been found.' The general rule as to method of serving notice is laid down in 15 Amer & Eng Enc Law, pp 134, 135 as follows:

" 'Where the statute requires notice, without prescribing the method of service, personal notice is intended, and personal notice must be given by a delivery thereof directly to the person to be notified, and not by delivering the original or a copy to his servants or members of his family at his house. Leaving the original or a copy at the residence with someone other than the person to be served is, perhaps, sometimes spoken of as personal service in a loose way, where there can be no mistake about the real meaning (as in case of bills and notes), to distinguish it from service through the mail, but personal service is, properly, service upon the person to be served; and the general rule is that where notice is required by statute, and the method of service is not prescribed, personal service is meant.' "

It will be noted that in the case at bar the bill of complaint did not allege where or in what manner the copies of the statement of account and claimed lien were served on the owners. Obviously, the allegation as made did not show compliance with the statutory requirements. No question is raised with reference to the right to present the question involved by motion to dismiss which, as before noted, was sworn to by counsel for appellees. The stipulation of counsel with reference to the basic facts in the controversy indicates clearly acquiescence in the manner of submission of the controlling issue.

In *Bolhuis Lumber & Manfg. Co.* v. *Van Tubergen,* 250 Mich 686, the sworn bill of complaint alleged service of copy of statement of lien on the owner of the property affected within the county of Allegan where such property was located. The answer filed on behalf of the trustee for the contractor neither admitted nor denied the allegation of the bill. Proof

of service in Allegan county was filed with the register of deeds. At the hearing testimony was offered that the service had actually taken place in Ottawa county. This Court held that the question of validity thereof was not made a triable issue in the case because of the lack of denial under oath as required by the statute. The decision may not be considered in point in the instant controversy in view of the condition of the record here involved. Here the parties were in agreement on submitting the issue to the trial court, and under the specific terms of the statute the circuit judge was right in holding that the service by mail in Wayne county was not a compliance therewith.

The order dismissing the bill of complaint is affirmed, with costs to appellees.

DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this case.