In the Matter of ETC., INC., Bankrupt.
The DETROIT BANK AND TRUST COMPANY and Anaconda Wire and Cable Company, Appellants,

v.

George F. LaBOUR, Trustee, Appellee.

No. 14865.

United States Court of Appeals
Sixth Circuit.
June 24, 1963.

Edgar H. Ailes, Detroit, Mich., Miller, Canfield, Paddock & Stone, Detroit, Mich., on brief, for appellants.

Joseph D. Hartwig, Benton Harbor, Mich., Hartwig & Crow, Benton Harbor, Mich., on brief, for appellee.

Before WEICK, Circuit Judge, O'SULLIVAN, Circuit Judge, and LEVIN, District Judge.

LEVIN, District Judge.

This is an appeal from a holding, 198 F.Supp. 53, that a certain chattel mortgage is not valid as against the trustee in bankruptcy. A brief outline of the relevant facts is as follows:

■ In 1954, Anaconda Wire and Cable Company agreed to lend ETC., Inc., the bankrupt, amounts not exceeding $150,000. As security, the bankrupt executed a chattel mortgage to the appellants, the Detroit Bank and Trust Company designated in the mortgage as trustee for Anaconda Wire and Cable Company as beneficiary. This mortgage covered personal property in Berrien County, Michigan, and was recorded on May 19, 1954. On April 23, 1957, there was filed, as required by § 566.143 Michigan Comp.L. (1948), § 26.932 Mich.Stat.Ann., a renewal affidavit sworn to before a notary public in Indiana.[1]

ETC., Inc., defaulted in making payments and gave notice that it was going out of business and would abandon its premises and the mortgaged property at a specified time, whereupon Anaconda made arrangements to hold and preserve the property. Soon thereafter, involuntary proceedings in bankruptcy were instituted against ETC., Inc., and after adjudication, the property was sold at public auction under the order of the court. The appellant filed a petition to reclaim the proceeds of the sale, and it is from the denial of this petition by the district judge that appellant appeals.

■ It is not disputed that the affidavit of April 23, 1957, contains the statement required by the renewal affidavit statute. However, the trustee asserts that the affidavit failed of its statutory purpose because it did not bear an authentication of the signature of the Indiana notary public, as required by § 617.14 Michigan Comp.L. (1948), § 27.862 Mich.Stat.Ann., and that the appellant had lost its lien on the property. This section reads:

"In cases where by law the affidavit of any person residing in another state of the United States, or in any foreign country, is required, or may be received *in judicial proceedings*

1. The appellants' position that this mortgage is a trust mortgage and therefore exempted from the requirement to refile under § 26.932 Mich.Stat.Ann., is without merit. This section provides:

"That it shall not be necessary to file an affidavit of renewal in case of a trust mortgage, deed of trust or any similar or like indenture to secure bonds or obligations issued, or to be issued thereunder." This mortgage was not given "to secure bonds or obligations issued or to be issued thereunder."

*in this state*, to entitle the same to be read, it must be authenticated \* \* \*. (Italics supplied.)

"4. If such affidavit be taken in any other of the United States or in any territory thereof, it may be taken before a commissioner duly appointed and commissioned by the governor of this state to take affidavits therein, or before any notary public or justice of the peace authorized by the laws of such state to administer oaths therein. The signature of such notary public or justice of the peace, and the fact that at the time of the taking of such affidavit the person before whom the same was taken was such notary public or justice of the peace, shall be certified by the clerk of any court of record in the county where such affidavit shall be taken, under the seal of said court."

The issue raised under this statute is whether affidavits required in non-judicial proceedings, such as the filing of a renewal affidavit with recording officers to prolong the lien of a chattel mortgage, come under the purview of this section of the Michigan statutes. The renewal affidavit section itself does not require the authentication of the notary's signature.

The history of section 617.14 is instructive. In the Michigan revised statutes of 1846 and in the compiled laws of 1857, 1871, and 1897, the section is found in the chapter on "Evidence" and under the subtitle "Of Affidavits Taken, and Other Judicial Proceedings Had in Other States and Foreign Countries." In the compiled laws of 1915, 1929, and 1948, it again is found under "Evidence" but under the subtitle "Of Depositions." Further, the Michigan cases involving the application of this section to affidavits have all involved affidavits that were proffered in judicial proceedings.

The court erroneously, we think, in Central Building Company v. Alma, 6 Cir., 265 F. 254, held that the requirements of this section applied not only to judicial proceedings but also to an affidavit filed under the mechanics lien stat-

ute, § 570.5 Michigan Comp.L. (1948), § 26.285 Mich.Stat.Ann.

The court relied principally on the effect of the comma following the word "required" together with the words "or may be received in judicial proceedings in this state \* \* \*." To say, as the court did in Alma that the comma after "required" makes this provision applicable to all affidavits other than those used in judicial proceedings is, we think, rather strained.

In In re Alston's Estate, 229 Mich. 478, 480, 201 N.W. 460, 461, decided after Alma, the Michigan court, in discussing the applicability of the statute, said:

"The Judicature Act (Pub.Acts 1915, No. 314), re-enacting former statutes, makes provision for using affidavits sworn to outside the state in judicial proceedings and fixes the requisites which must be found in the certificate of the clerk to entitle them to be read."

Although the question before us was not squarely presented, this language indicates that, even after Alma, the Michigan court read § 617.14 Michigan Comp.L. (1948), § 27.862 Mich.Stat.Ann., as applying only to affidavits that are used in judicial proceedings.

The foreclosure of chattel mortgages in Michigan is governed by statute, § 566.401 Michigan Comp.L. (1948) et seq., § 26.977 Mich.Stat.Ann. Upon default by the mortgagor, the mortgagee may take possession of the goods. If the mortgagor has paid at least fifty per cent of the original debt secured by the mortgage, the mortgagee must sell the property at public auction in the manner provided by the statute. If the mortgagor has paid less than fifty per cent of the original debt, the mortgagee is under no duty to sell the property at a foreclosure sale unless the mortgagor serves a written notice upon him demanding such a sale. Thus, no judicial proceeding is necessary nor contemplated by the statute, and there is no occasion for a renewal affidavit to be received or read in evidence.

The mortgage has not been foreclosed in any judicial proceeding, and it is not

necessary for us to decide the impact of the renewal affidavit statute upon a foreclosure proceeding in a Michigan court had such an action been deemed desirable in the face of the statute, which contains no requirement for such a proceeding. We also take note of the words italicized in the statute as cited above, namely, "in judicial proceedings in this state."

In our judgment, this statute should not be construed so as to preclude recognition by the Bankruptcy Court of a chattel mortgage lien and the renewal thereof duly filed in compliance with the relevant statutory registry requirements.

Reversed.