RUGGERI ELECTRICAL CONTRACTING COMPANY, INC v CITY
OF ALGONAC

Docket No. 130585. Submitted August 5, 1992, at Detroit. Decided
September 8, 1992, at 10:00 A.M. Leave to appeal denied, 441
Mich 927.

Ruggeri Electrical Contracting Company, Inc., brought an action
in the St. Clair Circuit Court against the City of Algonac,
seeking foreclosure of a mechanic's lien. The court, Peter E.
Deegan, J., granted summary disposition for the city, finding
that the plaintiff had not complied with the statutory require-
ments for perfecting the lien. The plaintiff appealed.

The Court of Appeals *held:*

1. The trial court properly applied the mechanics' lien act,
MCL 570.1 *et seq.*; MSA 26.281 *et seq.*; the Construction Lien
Act does not apply because the contract was made before
March 1, 1982. MCL 570.1301(4); MSA 26.316(301)(4).

2. A 1978 circuit court action brought by the plaintiff against
the person and company who owned the building upon which
the electrical work was performed did not constitute a proceed-
ing to enforce the lien, and therefore did not perfect the lien
pursuant to MCL 570.10; MSA 26.290. That action was a
contract action, not a bill in chancery seeking equitable relief
as required by the statute, and it did not comply with the
requirements of the statute for perfecting the lien. The lien was
lost because a foreclosure action was not brought within the
period of limitation provided in MCL 570.9; MSA 26.289.

Affirmed.

1. MECHANICS' LIENS — MECHANICS' LIEN ACT — BURDEN OF PROOF.

The mechanics' lien act controls all rights to a lien arising from
any project for which the contracting owner entered the first
contract with a contractor before March 1, 1982; the burden of
proof is on the plaintiff to show compliance with the statutory
requirements for perfection of the lien (MCL 570.9, 570.1301[4];
MSA 26.289, 26.316[301][4]).

REFERENCES

Am Jur 2d, Mechanics' Liens §§ 167, 168, 352-355, 357, 358.
See the Index to Annotations under Mechanics' Liens.

2. MECHANICS' LIENS — PROCEEDINGS TO ENFORCE LIENS — PERFEC-
 TION OF LIENS — CONTRACT ACTIONS — LIMITATION OF ACTIONS.
  An action on a contract is not a bill in chancery seeking equita-
  ble relief, does not comply with the statutory requirements of
  proceedings to perfect and enforce a mechanic's lien, and does
  not stop the running of the period of limitation applicable to
  actions to enforce such liens (MCL 570.9, 570.10; MSA 26.289,
  26.290).

*D'Agostini, Sable & Ruggeri, P.C.* (by *John F. Harrington*), for the plaintiff.

*Kramer & Murray, P.C.* (by *Michael J. Murray*), for the defendant.

Before: CORRIGAN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

CORRIGAN, P.J. Plaintiff appeals from the trial court's grant of summary disposition in this action to foreclose a mechanic's lien. We affirm.

Plaintiff Ruggeri is an electrical contractor. In 1976, it entered into a contract for electrical work on a building then owned by J. L. Ward, Inc., in the city of Algonac. Plaintiff performed the work but Ward defaulted on payment. In 1978, plaintiff filed a statement of account and lien and a notice of lis pendens with the St. Clair County Register of Deeds. Almost simultaneously, it brought suit against Ward in the St. Clair Circuit Court, alleging breach of contract and seeking damages of $11,293.37, plus costs, interest, and attorney fees.

In 1979, the Algonac Building Authority purchased the building for use as a city hall. The city then purchased the property by quit-claim deed in 1982. A title insurance policy dated March 19, 1979, listed Ruggeri's notice of lis pendens and statement of account as existing encumbrances. The purchases occurred without discharge of liens.

The whole history of the 1978 contract action does not appear in the current record. Neither the building authority nor the city was ever named as a defendant. The circuit court did enter an order on March 10, 1982, awarding plaintiff $14,421.53 in damages. Plaintiff apparently could not collect the judgment, because in January 1990 it sued the city, seeking "foreclosure of the construction lien."

Defendant responded to the complaint with a motion for summary disposition on the ground that the foreclosure action was brought more than one year after the filing of the lien. Defendant relied on § 117 of the Construction Lien Act, MCL 570.1117; MSA 26.316(117). The trial court held that statute was inapplicable, because the Construction Lien Act, MCL 570.1101 *et seq.*; MSA 26.316(101) *et seq.*, applies only to causes of action arising after March 1, 1982. MCL 570.1301(4); MSA 26.316(301)(4). The court then granted defendant's motion because the suit was time-barred under the controlling mechanics' lien act (MCL 570.1 *et seq.*; MSA 26.281 *et seq.*). MCL 570.9; MSA 26.289.

Plaintiff appeals, alleging that the 1978 circuit court suit perfected its lien and avoids the effect of the statutory limitation period. We disagree.

First, the trial court properly applied the mechanics' lien act. By its own terms, the Construction Lien Act provides that the mechanics' lien act "shall control all rights to a lien arising from any project for which the contracting owner entered the first contract with a contractor before March 1, 1982." MCL 570.1301(4); MSA 26.316(301)(4). Because the "first contract with a contractor" arose in 1976, the Construction Lien Act is inapplicable. The time for bringing a foreclosure action, then, is governed by MCL 570.9; MSA 26.289, which provides in part:

The several liens herein provided for shall continue for 1 year after such statement or account is recorded in the office of the register of deeds, and no longer unless proceedings are begun to enforce the same *as hereinafter provided*. [Emphasis supplied.]

The mechanics' lien act's provision for enforcement of liens directs:

Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of lis pendens recorded in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings. And in such proceedings, the complainant shall make all persons having rights in said property affected or to be affected by such liens so recorded in the office of the register of deeds, and all persons holding like liens so recorded, and those having recorded notice of intention to claim a lien, parties to such action. [MCL 570.10; MSA 26.290.]

A mechanic's lien is a statutory creation. A plaintiff must comply with the statute in order to obtain relief. See, e.g., *Skyhook Lift-Slab Corp v Huron Towers, Inc,* 369 Mich 36, 39; 118 NW2d 961 (1963) (burden of proof is on the plaintiff to show compliance with statutory requirements for lien to be perfected); *Fox v Martin,* 287 Mich 147, 150; 283 NW 9 (1938) (no lien existed where the bill to foreclose the lien was filed more than one year after the filing of the lien, of suit, so court had no jurisdiction to foreclose); *Hall v Erkfitz,* 125 Mich 332, 335; 84 NW 310 (1900) (mechanic's lien is in derogation of common law and requirements of statute must be observed); *Wagar v Briscoe,* 38 Mich 587, 592 (1878) (validity of lien depends on showing that every essential statutory step has been taken).

The mechanics' lien act plainly distinguishes the foreclosure remedy, an action in equity ("proceedings . . . by bill in chancery"), from the lienholder's remedy at law:

> Except as herein otherwise expressly provided, nothing in this act contained shall be construed to prevent any creditor in any such contract from maintaining an action thereon at common law in like manner as if he had no lien for the security of his debt. [MCL 570.22; MSA 26.302.]

The distinction between lien foreclosure and action on the contract is preserved in the Construction Lien Act; see MCL 570.1117(5); MSA 26.316(117)(5), MCL 570.1119(2); MSA 26.316 (119)(2).

The distinction between an action on the debt and lien foreclosure is critical because of the tolling provision of MCL 570.9; MSA 26.289. Although the statute creates a lien for only one year, the life of the lien is extended if "proceedings are begun to enforce the same as hereinafter provided." The key phrase here is the last, "as hereinafter provided." The act plainly envisions an equitable remedy in the lien foreclosure, because it requires filing "by bill in chancery." MCL 570.10; MSA 26.290. Although the formal distinction between courts of law and courts of equity has been abolished, Const 1963, art 6, § 5; MCL 600.223(4); MSA 27A.223(4), the two types of actions are nonetheless different.

A recent case in this Court considered this issue. In *Dane Construction, Inc v Royal's Wine & Deli, Inc,* 192 Mich App 287; 480 NW2d 343 (1991), the plaintiff had filed a two-count complaint, alleging breach of contract and also seeking foreclosure on a construction lien. *Id.* at 289. The issue on appeal was whether the two counts were separate for application of mediation rules. The Court held:

> Such an action [foreclosure] is equitable in nature. . . . Although the proceeding to foreclose on the construction lien originates from the contract, it is an action directed at the property rather than the person or entity who contracted for the services and is *separate and distinct from an action for breach of contract.* . . . The enforcement of the lien through foreclosure is a cumulative remedy that may be pursued simultaneously with an action on the contract from which the lien arose. [*Id.* at 292-293.]

See, also, e.g., *Canvasser Custom Builders, Inc v Seskin,* 38 Mich App 643, 649-650; 196 NW2d 859 (1972) (mechanic's lien is not a substitution or novation of the debt but rather a security interest given to aid in satisfaction of the debt); *Yerrington v Miller,* 325 Mich 193, 197; 38 NW2d 84 (1949); *F M Sibley Lumber Co v Wayne Circuit Judge,* 243 Mich 483, 487-488; 220 NW 746 (1928).

Plaintiff insists that its 1978 circuit court action constituted a "proceeding to enforce" the lien that perfected its lien. Plaintiff, however, is incorrect. The 1978 suit is clearly not a "bill in chancery." It does not seek equitable relief, but, as revealed in count I, paragraph 8, of the complaint, is styled entirely as an action on a contract. Although the complaint makes passing reference to an alleged "fraud upon a creditor," the suit did not seek enforcement of plaintiff's lien, only "[w]hatever sum it is found to be entitled to plus costs, interest and attorney fees."

Plaintiff's 1978 suit also failed to comply with the remaining requirements of MCL 570.10; MSA 26.290. It did not "make all persons having rights in said property affected or to be affected by such liens . . . and all persons holding like liens so recorded, and those having recorded notice of intention to claim a lien, parties to such action."

The only defendants were J. L. Ward, individually, and J. L. Ward, Inc. Plaintiff has not complied with the statutory requirements for perfecting a lien. The lien is lost. See *Yerrington, supra* at 196. The trial court properly granted defendant summary disposition.

Plaintiff also contends that summary disposition was improper because it was based on grounds not asserted in defendant's motion. This argument is without merit. MCR 2.116(I)(1) provides that "[i]f the pleadings show that a party is entitled to judgment as a matter of law," the court "*shall* render judgment without delay" (emphasis supplied). A court may even enter judgment for the opposing party if it is entitled to judgment. MCR 2.116(I)(2). If the moving party has asked for summary disposition under one subpart of the court rule where judgment is appropriate under another subpart, the defect is not fatal. See, e.g., *Retired Policemen & Firemen of Lincoln Park v Lincoln Park,* 6 Mich App 372, 375; 149 NW2d 206 (1967). The movant need not identify the specific subrule under which it seeks summary disposition. *Moy v Detroit Receiving Hosp,* 169 Mich App 600, 605; 426 NW2d 722 (1988). Where a motion is brought under MCR 2.116(C)(8) but should have been brought under subpart C(10), the court should proceed under the latter as long as neither party is misled. *Chonich v Ford,* 115 Mich App 461, 464; 321 NW2d 693 (1982).

As we have discussed, *supra,* plaintiff's lien was no longer valid. Defendant was entitled to judgment as a matter of law. We find no error in the trial court's decision.

In light of our determination that defendant was entitled to judgment as a matter of law, we need not consider plaintiff's alternative argument that

defendant waived assertion of res judicata or collateral estoppel by not asserting them as affirmative defenses in its answer.

Affirmed.